STATE EX REL. BOSTON & MONTANA CONSOL. C. & S. MINING CO. *v.* SECOND JUDICIAL DISTRICT COURT ET AL., DEFENDANTS.

[No. 1,372.]

[Submitted March 25, 1899. Decided March 31, 1899.]

*Prohibition—Jurisdiction of Lower Court—Corporations.*

1. Where the district court, having jurisdiction, appoints a receiver, the supreme court cannot, on application for a writ of prohibition to restrain further proceedings in the lower court because, as stated in the moving affidavit, subsequent events have rendered a receiver unnecessary, assume such statements as true, so as to warrant it in holding that the lower court was without jurisdiction to proceed further.

2. The district court, having jurisdiction, appointed a receiver for a corporation, which thereafter moved to be allowed to file a supplemental answer setting up subsequent events, which it claimed dispensed with the necessity of a receiver, and also moved for the receiver's discharge, and a stay of proceedings. The court refused to stay proceedings, and delayed the hearing of the other motions. *Held,* that the court did not thereby lose jurisdiction so as to warrant the granting by the supreme court of a writ of prohibition restraining the lower court and the receiver from proceeding further.

APPLICATION by the State, on the relation of the Boston & Montana Consolidated Copper & Silver Mining Company, against the Distict Court of the Second Judicial District of Silver Bow county and others, for a writ of prohibition. Dismissed.

Statement of the case, by the Court.

This is an original application to this Court for a writ of prohibition against the District Court of Silver Bow county and the Honorable William Clancy, the judge thereof, and Thomas R. Hinds, as receiver, to restrain them from proceeding any further in taking possession of the property of the relator under an order appointing the said Hinds receiver, made by that court on December 15, 1898, in the suit of Forrester and MacGinniss against the relator and others. Three phases of this suit have been before this Court in *Forrester* v. *Mining Co. et al.*, 21 Mont. 544, 55 Pac. 229; *State* v. *District Court*, 22 Mont. 220, 56 Pac. 219; *Id.*, 22 Mont. 241, 56 Pac. 281. An affidavit in support of the application is made by Ransom Cooper, Esq., of counsel for relator. From this, with exhibits attached, appear all the facts contained in the statements preceding the opinions in the cases of Forrester v. Mining Co. and State v. District Court, referred to above. To these statements reference is here made, it not being necessary to repeat them. The affidavit further recites that on December 15, 1898, Forrester and MacGinniss, plaintiffs in *Forrester* v. *Mining Co.*, made and filed a petition in that cause in the District Court asking for the appointment of a receiver to take charge of the property of the relator to manage and control it pending the final determination of that suit; that, as a result of that application, Thomas R. Hinds, respondent herein, was appointed receiver; that the appointment was made without notice; that he was, by the order appointing him, directed to take charge of all the property of the relator; and that at the hearing upon said petition no proof was heard except the affidavit of John MacGinniss, one of the

parties. This affidavit is substantially the same statement as the complaint of Burdett O'Connor, which is set forth in the statement in State v. District Court, *supra.* The affidavit of Mr. Cooper then proceeds to state that, after this appointment was made, the relator applied to this Court for a writ of *certiorari* to review and annul the order of appointment so made, and a stay of proceedings in the District Court until a hearing could be had on this application; that this stay was granted; that this Court afterwards, and on February 27, 1899, rendered its decision, refusing to grant the writ, and affirming the order of the District Court appointing Thomas R. Hinds receiver; but that the Court, on motion of relator, withheld the *remittitur* in this proceeding until the end of fifteen days from that date, pending a motion in the District Court to discharge the receiver. The opinion of this Court upon the application for this writ will be found in *State* v. *District Court, supra.* The affidavit then proceeds: That meanwhile, on February 23d, pending the hearing in this Court, the New York company, by good and sufficient deed, reconveyed and delivered to the Montana company, the relator, all the property mentioned in the deed of April 6, 1898, and at the same time accounted to it for all moneys and effects of every description the New York company had obtained from the Montana company by said conveyance; that the relator and the other defendants in the suit of Forrester v. Mining Co., on the 23d of February, 1899, prepared a supplemental answer in that cause, alleging the reconveyance of the property made by the New York company to the Montana company, and a full accounting to the relator of all the effects and moneys coming into the hands of the New York company by means of the deed of April 6, 1898; that, after giving notice to Forrester and MacGinniss, the District Court having shortened the time for that purpose, they moved the District Court for an order permitting the same to be filed; that the Court set this motion for hearing on February 27, 1899; that, upon request of counsel for Forrester and MacGinness, on the day of the hearing this motion was, over the objection of counsel

for relator, continued until March 4th; that the relator and its co-defendants in *Forrester* v. *Mining Co.*, on February 28th, filed a motion, with notice thereof, in that cause, asking that the receiver theretofore appointed be discharged; that this motion was accompanied by an affidavit of John F. Forbis, Esq., of counsel for relator, setting forth the facts occurring since the decision on February 27th, and also the facts touching the reconveyance by the New York company to relator; that on February 28th the relator also made a motion in the District Court that all proceedings be stayed in the matter of the receivership until the motion to discharge the receiver set for March 6th be heard and disposed of; that the motion for the stay of proceedings was also set for March 6th; that the motion for leave to file the supplemental answer, set for March 4th, when the time for hearing arrived, was continued by the Court until March 9th, and also the motions set for hearing on March 6th, the Court refusing to hear any of said motions because the *remittitur* in the case of *State* v. *District Court* had been by this Court withheld until March 14th; that on March 9th all these motions were again continued by the Court, for the same reasons, until March 18th; that on March 15th, after the *remittitur* from this Court was filed in the District Court, the relator and its co-defendants made a motion in the District Court asking that the receiver be required to give an additional undertaking before taking possession of the property of the relator, and thereupon asked the court to hear and determine this and the other three motions then pending; but that the court refused to hear any of said motions, except that it denied the motion for stay of the proceedings; that the Legislative Assembly of the State of Montana, on February —, 1899, passed and adopted an act known as "House Bill No. 124," entitled "An act to amend Sections 1722 and 1723 of Chapter I of Title III of Part II of the Code of Civil Procedure of Montana, relating to appeal to the Supreme Court," by which it is provided, among other things, that an appeal may be taken to the Supreme Court from the District Court from an order appointing a receiver, or giving directions with respect

to a receivership, or refusing to vacate an order appointing or affecting a receiver, and from an order directing the delivery, transfer or surrender of the property; that said District Court has refrained from passing upon any of said motions, and refused to pass upon any of them, or to make any other order touching the said receivership, for the sole purpose of depriving the relator of the right of appeal under said law; that the said Hinds, receiver, with the acquiescence of the said court, is now seeking by violence and threats, and by causing the arrest of the employes of relator, to take possession of all the property of relator, and will accomplish his purpose unless he is restrained from doing so by this court; that the said Hinds declines to obtain, and the said court declines to make, any order directing the said Hinds to take, or the said relator to surrender, the said property in order to deprive the relator of the right to appeal; that the relator has failed to get any relief from the said court, and that the said acts of the said Hinds and said court are oppressive, and indefensible in law and equity; that the acts of said District Court in failing and refusing to give relator relief are beyond and in excess of its jurisdiction, and that the acts of said Hinds in trying to obtain the property of relator without an order to relator is in excess of his power and jurisdiction in the premises; that the relator has filed in said District Court the affidavits of its officers and attorneys showing that no wrong has been done its stockholders by it, and that it has obtained from the New York company all the property conveyed away on April 6, 1898, to the New York company, and that its officers are now in charge of the same, controlling and using it for the benefit of the stockholders; that, since the motions above mentioned were made, the said District Court has been daily in session, and has had ample time and opportunity to hear and determine them; and that the delay of said court in deferring the hearing of them until March 18th is an excessive and unauthorized application of judicial force. This Court is asked to issue a writ to restrain the said court and the said Thomas R. Hinds from proceeding any further in the matter of the re-

ceivership, on the ground that by virtue of the reconveyance made by the New York company to the Montana company on February 23d, and the accounting made by the former to the latter, all cause has been removed for the appointment of a receiver, or for his taking possession of the property of relator under and by virtue of the order made by the District Court on December 15, 1898. On March 12, 1899, upon the filing of this application, an order was made directed to respondents requiring them to show cause on March 22d why the writ should not issue, and directing them in the meantime to stay proceedings until the hearing could be had. The respondents filed a motion to vacate and set aside this order, alleging several grounds, all being substantially to the effect that the facts stated did not warrant the making of the order. The hearing was had on March 25, 1899.

*Wm. H. De Witt, Forbis & Evans, Wm. Scallon, W. W. Dixon,* and *R. Cooper,* for Relator.

*McHatton & Cotter, Clayberg & Corbett, Cullen, Day & Cullen, R. B. Smith, Chas. R. Leonard, W. Y. Pemberton,* and *John B. McClernan,* for Defendants.

**PER CURIAM.**—It was held by this Court in *State* v. *District Court, supra,* that the District Court had jurisdiction to appoint the receiver. In the opinion in that case (*ante* page 241, 56 Pac. 281), Justice Pigott, for the Court, said: "The showing upon which the court below based its action in appointing a receiver was sufficient to confer upon the court jurisdiction to take the action it did take without giving notice of the application, for the facts which were presented tended to show that there was then imminent danger that the property ordered to be taken charge of by the receiver would be removed beyond the jurisdiction of the court, and unlawfully disposed of, and brought the case within the provisions of Section 951, Code of Civil Procedure." To the same effect this Court also held in *State* v. *District Court, ante* page 220, 56 Pac. 226, where the court said: "As a shareholder,

O'Connor has a right to ask this relief, and in doing so he has brought himself squarely within the doctrine of *State* v. *Second Judicial District Court*, 15 Mont. 324, 39 Pac. 316, the reasoning of which we must approve, and here apply." The showing in the case of *Forrester* v. *Mining Co.*, upon which the order appointing the receiver was made which was sought to be reviewed in *State* v. *District Court*, was practically the same as in *O' Connor* against *Mining Co.*, the proceedings in which were sought to be prohibited in *State* v. *District Court*. All matters connected with the question of jurisdiction of the District Court in the Forrester case occurring prior to February 23, 1899, have theretofore been finally settled and determined by this Court. The law has been declared after a most careful and painstaking investigation, and the precedents thus established cannot be disturbed.

Counsel insist, however, that the alleged reconveyance by the New York company to the relator of the property which was conveyed to the former by the latter on April 6, 1898, and the accounting by the former to the latter, all of which have occurred since February 23d of this year, have dispensed with the necessity of putting the receiver in charge of the property; and that the refusal of the District Court to hear the various motions made therein in the matter of the receivership warrants this Court in saying that the District Court is without, or in excess of, its jurisdiction. If, in view of recent events, the District Court puts the receiver in charge of the property, this action on its part, counsel say, will be an "excessive and unauthorized application of judicial force," This Court cannot, in a proceeding of this character, assume as true, and so declare, the allegations in the affidavit that the conveyance from the New York company to the Montana company, the relator, is a good and sufficient conveyance, and that the accounting rendered by the former to the latter is a full and complete accounting. Nor can we venture to say that the District Court has lost jurisdiction of the matters touching the receivership by reason of the fact that it has refused to stay the hand of the receiver until the various motions have been

disposed of, and has postponed the hearing of these motions from time to time. That court properly has jurisdiction of all the matters involved in these motions. They were properly made there. It is a part of its duty to hear and dispose of them as speedily as it may. Whatever wrong may have been done the relator by the action of the court in these matters, this application does not invoke the proper remedy for it. We cannot at one time say that the lower court has jurisdiction, and at another time say it has not because the various matters touching the receivership have not been heard and disposed of as speedily as counsel for relator seem to think they should. Litigants have a right to insist that vital questions affecting their interests, great or small, should be speedily heard and determined; but failure on the part of the court in this regard does not deprive it of jurisdiction. If the court refuses to act, or defers the hearing needlessly, it can be compelled to perform its duty; but such nonaction does not warrant this Court in performing the duty which the lower court refuses to perform.

Owing to the great interests involved in this litigation, and the earnestness of counsel for relator in urging this Court to interfere, we have taken the pains to go into the facts presented here very carefully for the third time. A careful consideration of everything presented leaves us with the conviction that we have no authority to interfere with the proceedings of the lower court by issuing the writ. The motion to set aside and vacate the preliminary order will therefore be sustained, and the application dismissed. It is so ordered.

*Dismissed.*