## STATE OF MONTANA, RESPONDENT, *v.* ED. HOWELL, APPELLANT.

[Submitted May 17, 1898. Decided May 30, 1898.]

*Assault and Battery—Justification—Trespass—Instruction.*

In October, 1896, defendant bought a house, took possession of and occupied the same until Feb. 2nd, 1897, on which day, one "G," in the temporary absence of the defendant, went to the house and placed an extra lock on the door; upon defendant's return, a difficulty arose between him and "G," during which "G" struck him with a hatchet. On Feb. 3rd, defendant went to the house, removed some personal property of "G's" and then shut and fastened the door, at that time "G" returned to the house and broke open the door; thereupon the defendant made the assault complained of. The court charged the jury as follows: "By 'possession' is not meant a mere temporary and passing occupancy of lands or tenements, but it must be of a lasting, permanent or substantial nature. A person entering on lands during the temporary absence of the owner or person in possession does not thereby acquire a possession of the premises or lands so entered upon." *Held,* that the instruction was erroneous. It is not the law that a person can defend only a lasting, permanent or substantial possession. A person may have a lawful possession, such as he may defend, which is not lasting or permanent.

SAME.—*Held* also error under the above facts to instruct the jury that if they found that "G" was in possession of the building on Feb. 2, and that during his temporary absence on the day following, defendant entered therein—such entry was not sufficient to constitute possession.

SAME.—*Held*, that the evidence shows that the defendant had been in possession of the premises, as owner thereof, for months, and that under Subdivision 3, Section 404 of the Penal Code, he had the right to defend such possession, provided he used no more force than was necessary for that purpose; and that it was error to refuse an instruction to that effect.

*Appeal from District Court, Park County, Frank Henry, Judge.*

Ed. Howell was convicted of assault in the third degree, and from a judgment rendered on the verdict, and an order denying a motion for a new trial, he appeals. Reversed.

Statement of the case by the justice delivering the opinion.

The defendant was tried in the district court of Park county under an information charging him with an assault in the second degree, committed upon one J. W. Guilford on the 3d day of February, 1897, by beating the said Guilford with a pistol. The jury found the defendant guilty of an assault in the third degree.

The facts, as shown by the record, are substantially as follows: In October, 1896, the defendant purchased a house in the little town of Aldridge, in Park county, of one Walter Hoppe, and took possession and occupied the same peaceably and continuously until February 2, 1897. On that day, in the temporary absence of defendant, Guilford went to the house, and placed a padlock in the staple, beside the padlock with which the defendant locked the door of the house, thereby double-locking the door. Upon defendant's return to the house, a difficulty arose in relation to the possession thereof between himself and Guilford, in which difficulty Guilford struck the defendant with a hatchet, cutting a gash in his face. On the 3d day of February, the defendant went to the house, where he found a man by the name of Bounds, to whom the defendant had theretofore given the privilege of sleeping in and occupying the premises; and, being convinced that Bounds was in collusion with Guilford to oust him from

possession of the house, he ordered him to leave, which, it seems, Bounds did.    While Bounds was gathering up his effects, the defendant put Guilford's bedding out on the side-walk, and shut and fastened the door.    Guilford came to the house about this time, and, as the evidence tends to show, looked through the windows, and saw defendant in the house. Guilford then, according to his own testimony, backed off some few steps, and rushed upon the door, breaking the same open by tearing or knocking off the inside latch.   The de-fendant thereupon caught Guilford, and struck him over the head with a pistol, which the defendant testified he had with him on account of threats made against him by Guilford.   After considerable quarreling and disturbance, the parties agreed to arbitrate whatever differences they had in relation to the right of possession of the house, which truce resulted in leaving the defendant in possession of the premises.   It seems that Guil-ford, while cut about the head, received no serious injuries from the defendant, and that the defendant did not succeed at the time  by the force he used in ejecting Guilford from the house.

From the judgment rendered on the verdict of assault in the third degree, and from an order denying his motion for a new trial, defendant appeals.

*Smith & Wilson*, for Appellant.

(Citing:    *Goshen* v. *The People*, 44 Pac. 503; *Marsh* v. *Bristol*, 32 N. W. 645; *Circle* v. *State*, 22 S. W. 603; *Smith* v. *Reeder*, 15 L. R. A. 172; Greenleaf on Evidence, Vol. 3, § 65 (13 Ed.); *id.* Vol. 2, § 98; *Parsons* v. *Brown*, 15 Bar-bour  590.)

*C. B. Nolan, Attorney General*, for the State.

PEMBERTON, C. J.    The only errors assigned by counsel are directed to the giving and refusing of instructions by the district court at the trial.

The court gave the following instructions:    ''No. 14.    By

'possession' is not meant a mere temporary and passing occupancy of lands or tenements, but must be of a lasting, permanent, or substantial nature. A person entering on lands during the temporary absence of the owner or person in possession does not thereby acquire a possession of the premises or lands so entered upon. No. 15. If you find from the evidence of the case the witness Guilford was in possession of the building where the assault charged is alleged to have been committed, on the 2d day of February, and that during his temporary absence, on the day following, defendant entered said building during said absence, such entry was not sufficient to constitute a possession of the premises.''

The court also refused to give the following instruction requested by defendant: ''No. 26. The court instructs the jury that if you find and believe from the evidence that the defendant, Ed. Howell, was on the 3d day of February, 1897, on the inside of the building where the assault is alleged to have been committed, and that he had closed and fastened the doors thereof, then the defendant was in possession of said building, and the prosecuting witness, Guilford, had no right to forcibly enter the said building; and, if you find from the evidence he did so, then the defendant had the legal right to forcibly eject said Guilford by using only such force and violence as was necessary to eject said Guilford therefrom.''

The action of the court with reference to the giving and refusing of these instructions is urged as error.

The first part of instruction No. 14, wherein the court undertakes to define what kind of possession a person may lawfully defend, is erroneous. We do not think that a person, under the law, can only defend a ''lasting, permanent, or substantial'' possession. It is doubtless true that one who unlawfully enters into the possession of premises during the temporary absence of the rightful possessor acquires no rightful possession thereof. But in this instruction the court does not tell the jury that the entry in the temporary absence of the rightful possessor must be unlawful. If a person wrong-

fully in possession of a house leaves it temporarily, why may not the rightful possessor during such absence peaceably enter and take and defend his possession? And, besides, a person may have a lawful possession, such as he may defend, which is not lasting or permanent.

Instruction No. 15 is likewise erroneous. The evidence shows that, during the temporary absence of Howell from the house, Guilford took possession thereof, on the 2d day of February. According to instruction No. 14, such entry during Howell's temporary absence gave Guilford no lawful possession. Still the court charged the jury, in instruction No. 15, that Howell's entry into the house, which, according to the evidence, was his own property, on the 3d day of February, during the temporary absence of Guilford, did not constitute possession. If Howell's entry into his own house during the temporary absence of Guilford, who had gotten possession by force, after beating Howell with a hatchet and driving him away, gave Howell no possession, how could Guilford get lawful possession of the house in the manner the evidence shows he got it?

Instruction No. 26, which the court refused to give to the jury, we think stated the law correctly, and should have been given. Under Subdivision 3, Section 404 of the Penal Code, a person in lawful possession of real property may defend it, if he does not use more force or violence than necessary to prevent a trespass upon or offense against the premises. The evidence shows Howell had been in the peaceable possession of the premises, without any question, for months, as the owner; and he had a right to defend such possession, provided he used no more force than was necessary for that purpose. So the only question, under the evidence, was, did the defendant in this case use more force than was necessary to defend his possession against the trespass of Guilford? The refused instruction submitted this question fairly to the jury, and it was error to refuse it. If a man may not lawfully defend his property—his home—by the use of whatever force it is necessary to use under the circumstances of the case, then

he is at the mercy of every tramp, trespasser, or even burglar, who comes along, and enters and takes possession, during his temporary absence therefrom.

On account of the foregoing errors, we think the judgment and order appealed from should be reversed, and the cause is remanded, with directions to the district court to grant a new trial.

*Reversed and Remanded.*

HUNT and PIGOTT, JJ., concur.

