## STATE EX REL. BOSTON & MONTANA CONSOLIDATED C. & S. MINING CO. ET AL., *v.* SECOND JUDI: CIAL DISTRICT COURT, ET AL.,

### DEFENDANTS.

[No. 1336.]

[Submitted January 13, 1899. Decided February 27, 1899.]

*Receivers—Appointment — Jurisdiction — Appeal — Effect— Certiorari—Review.*

1. Under the Code of Civil Procedure, Section 951, a showing that there was imminent danger that property in the possession of defendant would be removed beyond the jurisdiction of the court, and unlawfully disposed of, unless a receiver was appointed *ex parte,* is sufficient to give the court jurisdiction to appoint such receiver without notice of the application therefor.

2. Where an appeal is taken from an order granting an interlocutory injunction, it does not thereafter prevent the court from appointing a receiver in the same action, under the Code of Civil Procedure, Section 1730, providing that an appeal shall stay all proceedings on the order appealed from, but the court may proceed on any other matter embraced in the action, and not affected by such order.

3. On *certiorari* to determine the propriety of the appointment of a receiver, the court cannot consider the weight of the evidence and the propriety of such appointment, but the review is limited to determining whether the court has regularly pursued its authority.

CERTIORARI by the State, on the relation of the Boston & Montana Consolidated Copper & Silver Mining Company and another, to the District Court of the Second Judicial District of the State of Montana in and for Silver Bow county, and William Clancy, Judge thereof, and Thomas R. Hinds. Af_ firmed.

*Forbis & Evans, Louis Marshall* and *William H. De Witt,* for Relators.

*John J. McHatton* and *Cullen, Day & Cullen,* for Defendants.

**PIGOTT, J.**—This is an original proceeding in *certiorari* to review the action of the District Court of Silver Bow county and William Clancy, its judge, in appointing a receiver for

the property of the Boston & Montana Consolidated Copper & Silver Mining Company of Montana, made on December 15, 1898, in the suit of Forrester and MacGinniss against that company and others, one phase of which suit was before this court in *Forrester et al.* v. *Boston & Montana Consolidated Copper & Silver Mining Co.*, 21 Mont. 544, 55 Pac. 229.

From the proceedings certified to us it clearly appears that the showing made in the District Court for the appointment of a receiver was, in substance and effect, that recited in the opinion of this court in *State ex rel. Boston & Montana Consolidated Copper & Silver Mining Co.* v. *Second Judicial District Court et al.*, 22 Mont. 220, 56 Pac. 219. The facts stated in the complaint, in *Forrester* v. *Boston & Montana Consolidated Copper & Silver Mining Co.*, when considered with the answer and the proofs on the hearing, were sufficient to confer upon the District Court jurisdiction to appoint a receiver. When that suit was commenced, the defendants were served with an order to show cause why a receiver should not be appointed, and a hearing thereon was had July 2, 1898, at the same time that the lower court granted the order of interlocutory injunction appealed from in the Forrester Case. Upon that hearing, July 2, 1898, the District Court refused to appoint a receiver, upon the ground that such officer was not necessary in view of the promise of the defendants in the suit mentioned that they would cause a reconveyance by the New York company to the Montana company of the property in the event the court decided that the deed theretofore made by the Montana company to the New York company was not authorized. There was, however, at that time a showing sufficient to confer upon the District Court power to appoint a receiver. Thereafter, on December 15, 1898, and subsequently to the decision by this Court in the Forrester Case, Forrester and MacGinniss petitioned the District Court to appoint a receiver, and in their petition alleged all the proceedings theretofore had in the action, and averred the same matters, substantially, as those set out in the affidavit of O'Connor in the prohibition proceedings determined by this

Court on February 20, 1899, and herein referred to.   On the same day, December 15, 1898, the District Court, upon said petition, appointed a receiver for the Montana company.  This was done without notice other than that referred to, the court below declaring that it appeared to the court that, "unless a receiver is appointed *ex parte* herein, and without notice to the defendants, there is imminent danger that the property and funds in question will be removed beyond the jurisdiction of this court, and unlawfully disposed of and lost, and that the mining property in question will be irreparably damaged."

As we have said, the averments of the petition are similar to those made by O'Connor in his application for the writ of prohibition in the case to which reference has been made. The showing upon which the court below based its action in appointing a receiver was sufficient to confer upon the court jurisdiction to take the action it did take without giving notice of the application, for the facts which were presented tended to show that there was then imminent danger that the property ordered to be taken charge of by the receiver would be removed beyond the jurisdiction of the court, and unlawfully disposed of, and brought the case within the provisions of Section 951, Code of Civil Procedure.

It is contended, however, by the petitioners, that at the time the order of December 15th was granted the District Court had no power to make any order whatsoever in that case, this Court having then exclusive jurisdiction over the action, because on December 15th the case of *Forrester et al.* v. *Boston & Montana Consolidated Copper & Silver Mining Co. et al.* was pending here on motion for a rehearing.   The appeal in that case was from an order granting an interlocutory injunction.   No other part of the action was affected by the order appealed from.   Section 1730, Code of Civil Procedure, provides:   "Whenever an appeal is perfected, as provided in the preceding Sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein,

and releases from levy property which has been levied upon under execution issued upon such judgment; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from.    \*    \* \*." It is perfectly clear that the interlocutory order did not affect any other matter embraced in the action, and it is equally clear that it did not interfere with, lessen, or oust the authority of the court below to proceed with the appointment of a receiver.

This Court, on the present application, may not consider the weight of the evidence, or the strength of the showing, if sufficient was presented to the court below to warrant the exercise of its jurisdiction.    *Certiorari* will not perform the office of an appeal, and bring before this Court the question whether an error was committed within the jurisdiction of the lower court.    The District Court had jurisdiction of the nature of the action and over the subject-matter thereof.    The showing with respect to the specific order of which complaint is made was sufficient to support the exercise of jurisdiction. As was said in *State ex rel. Buck* v. *Ravalli Co. Com'rs*, 21 Mont. 469, 54 Pac. 939, the power to decide at all gives the power to decide wrong as well as right.    The writ of *certiorari* may be granted when the inferior court or judge has exceeded its or his jurisdiction, and there is no appeal, nor any plain, speedy and adequate remedy; but the review must not extend further than to ascertain and determine whether such court or judge has regularly pursued its or his authority. (Sections 1941, 1947, Code of Civil Procedure; *State* v. *District Court of Ninth Judicial District*, 17 Mont. 329, 42 Pac. 285.)    Whatever errors may have occurred were committed within the authority and jurisdiction of respondents, and therefore this Court may not, upon *certiorari*, entertain or consider them.

Petitioners complain that an unfit man has been appointed receiver by the District Court; that he has been required to give a bond, which is merely nominal, as compared with the immense interests involved; and that Forrester and MacGin-

niss are endeavoring to secure to a rival corporation the control of the property of the Montana Company. These are matters impertinent to the question raised by the writ, and with which this Court has nothing to do at this time. We have heretofore held, upon the facts in the controversy as presented to us upon the appeal from the interlocutory injunction order, that petitioners have failed to observe the law in their futile attempts to devest the Montana Company of its property. In so far as this Court is advised, they stand in such attitude at the present time. So long as they remain in that position, they may not be heard, on *certiorari*, to complain of the danger to their property consequent upon the appointment of a receiver. When they shall have made suitable restitution, and are willing to obey the law, then a different condition will be presented, and a court of equity would not hesitate to exert its power to the end that they suffer no wrong.

The facts here presented with respect to their operation upon jurisdiction are not distinguishable from those involved in the prohibition case referred to, and to them must be applied the principles there announced. It is therefore adjudged that the order of December 15, 1898, appointing a receiver, be, and is hereby, affirmed upon the sole ground that in making said order the respondents have not exceeded their jurisdiction in the premises.

BRANTLY, C. J., and HUNT, J., concur.