# STATE ex rel. BOSTON & MONTANA CONSOL. COPPER & SILVER MINING CO. *v.* SECOND JUDICIAL DISTRICT COURT

## ET AL., DEFENDANTS.

[No. 1,374.]

[Filed April 17, 1899.]

### *Judges—Duty to Hear Motion—Mandamus.*

Motions noticed for hearing March 6th were postponed by the judge, at his own instance, to March 15th, when they, with another motion returnable on that day, were postponed to March 18th. On the 18th the judge again postponed them to March 30th. To an alternative writ of mandate issued March 21st, directing him to show cause why he should not hear the motions, he answered that on March 15th he had designated the 18th as the time for hearing them, but that thereafter he had been served with a writ of prohibition from the Supreme Court; that on the 18th he was engaged in a jury trial, and therefore postponed the hearing until March 30th, intending to hear them at that time, but in the meantime the alternative writ was served on him, and on the 30th he was engaged in the trial of another cause, and that, considering the application for the *mandamus* unjustifiable and premature, he determined to move to have it set aside, and therefore postponed the hearing of the motions to April 7th; that on March 31st he was informed that the writ of prohibition prohibiting him from proceeding with the cause had been denied, and he thereupon vacated the order setting the motions for April 7th, and set them for hearing on April 1st; that, in any event, he intended to have the hearing on April 3d, and would not refuse to hear and determine said motions until required to do so by order of the Supreme Court; and that no order of the Supreme Court ever was or is necessary to

compel him to hear and determine said motions. *Held*, that the answer was, and was designed to be, evasive; that nothing appeared in the answer justifying said judge in postponing the hearing upon said motion so often and for such length of time; that said judge's treatment of said applications by relator for relief was unjustifiable, unfair and oppressive; and that a peremptory writ should issue.

APPLICATION by the State, on the relation of the Boston & Montana Consolidated Copper & Silver Mining Company, for a writ of mandate to the Second Judicial District Court, and to the Honorable William Clancy, judge thereof, requiring the defendants to determine certain motions pending in said court. Peremptory writ issued.

*Wm. H. De Witt, Wm. Scallon, W. W. Dixon, Wm. Wallace, Jr., Carpenter & Carpenter,* and *R. Cooper,* for Relator.

*J. J. McHatton, R. B. Smith,* and *Cullen, Day & Cullen,* for Defendants.

**PER CURIAM.**—Application for a peremptory writ of mandate to compel the Second Judicial District Court of Silver Bow County to proceed to hear and determine three several motions in the case of James Forrester and John MacGinniss against the Boston & Montana Consolidated Copper & Silver Mining Company and others, pending in said court.

The affidavit sets forth the history of the litigation in the various phases of this case, giving in detail all the facts contained in the several statements, both in the original case (21 Mont. 544, 55 Pac. 229), and in *State ex rel. Boston & Montana Consol. C. & S. Mining Co.* v. *Second Judicial District Court et al.,* 22 Mont. 220, 56 Pac. 219; *Id.,* 22 Mont. 241, 56 Pac. 281; *Id.* 22 Mont. 376, 56 Pac. 687,—the last decided by this Court March 31st. The several motions upon which a hearing is sought to be had by this application are: A motion to vacate and set aside an order made on December 15, 1898, appointing Thomas R. Hinds receiver for the property of relator; a motion to require the receiver to give an additional bond; and a motion to stay proceedings and restrain the receiver from taking possession of the property until the other motions could be determined. The first-mentioned mo-

tion is the same as the one mentioned in *State ex rel. Boston & Montana Consol. C. & S. Mining Co.* v. *Second Judicial District Court et al.*, as the motion "to discharge the receiver." The dates upon which these various motions were made and called to the attention of the District Court, and their history down to March 21st, the date of this application, will be found in the statement preceding the opinion in *State ex rel. Boston & Montana Consol. C. & S. Mining Co.* v. *Second Judicial District Court et al.*, 22 Mont. 376, 56 Pac. 687. To make the statement here intelligible, we set them out again. The first and second of them were made on February 28th, and noticed for March 6, 1899. The last of them was made in open court on March 15th, when counsel for both sides, and also for the receiver, were present. It further appears from that statement that the hearing of all these motions was postponed from time to time by the court until March 18th. From the affidavit of relator it appears that these various postponements of the hearing were upon the court's own motion, no cause appearing therefor at any time, though upon each of the dates set for the hearing the relator was present with counsel ready to be heard. On each of these occasions counsel for Forrester & MacGinniss and the receiver were also present. On March 18th the court again postponed the hearing, as at other times, until March 30th. At the time of these various postponements, up to and including the one ordered on the 18th, the Honorable William Clancy, the judge of the said court, gave as his reason for his action in the premises that the relator had original applications pending in the Supreme Court, and that he could not hear the motions, and would not do so, until these had been disposed of. At none of the times when a postponement was made was there any press of business in the court preventing the said judge from hearing any or all of the motions, except that on March 18th a jury trial was in progress, when the postponement until the 30th was ordered. This order was not made for the reason that a trial was in progress, but for the reason that the judge was not willing to proceed with the hearing until the Supreme

Court had decided the motions before it. From the affidavit it appears, further, that the matters pending in this Court to which the Honorable William Clancy referred were the application for a writ of prohibition filed in this Court early in January, in *State ex rel. Boston & Montana Consol. C. & S. Mining Co.* v. *Second Judicial District Court et al.*, and decided on February 27th, the *remittitur* being retained by this Court until March 15th, and the application for the same sort of a writ filed in this Court in *State ex rel. Boston & Montana Consol. C. & S. Mining Co.* v. *Second Judicial District Court et al.*, on March 15th, and decided on March 31st. To the affidavit are attached, as exhibits, and as parts thereof, steno-graphic notes of all the proceedings at each of the postpone-ments after March 6th, giving the arguments of counsel, when argument was permitted, and the statements of the judge of the said court, showing that the said judge ordered all the postponements without any other cause or reason than that he would hear and dispose of the motions when the relator had ceased to apply to the Supreme Court for extraordinary writs. Postponements were had of the first and second of these mo-tions on March 6th and 9th, and, after the third motion was made, on the 15th, and all three were called up on that date, and again on the 18th.

After setting out all these facts, the affidavit then charges that the said court had refused to grant the relator any relief whatever in the premises, and was proceeding to put the re-ceiver in charge of relator's property wrongfully and unjusti-fiably, under a bond of only $100,000, whereas the property is worth many millions of dollars, and yields an income of $30,000 per day; that the receiver was appointed in the first place without notice, at the instance of the plaintiffs, for the purpose, not of protecting any of the stockholders of the rela-tor, but to aid the Montana Ore Purchasing Company, a rival corporation, and F. Augustus Heinze, the president and prin-cipal stockholder therein, to accomplish their own private and selfish ends; that the purpose of the judge of the said court in thus postponing the hearing from time to time without cause

was to put the receiver in charge of the property of the rela
tor, well knowing that the necessity for the receiver did not
exist; that this action on the part of the said court was op
pressive, and designed to aid the rival corporation; and that
the said court did not intend to hear, and would not hear, the
relator's applications, thus denying relator any redress what
ever.

The alternative writ was issued by this Court on March 21st,
directing the said District Court and the Honorable William
Clancy, the judge thereof, to proceed to hear and determine
the said motions, or to show cause in this Court, on March
31st, why this had not been done.    On March 31st the judge
of the said court filed in this Court his motion to quash the
alternative writ and dismiss the application, setting forth va
rious grounds.    After argument, the motion was overruled,
the grounds stated in the motion not being deemed sufficient,
and the Honorable William Clancy was required to file his an
swer on April 1st.    This answer was filed.    It alleges that
the motions mentioned in the affidavit had been set for hearing
by him, as the judge of said court, for March 30th; that they
had been set for this time with the intention on his part to
hear them; that on March 15th he had designated the 18th as
the time for hearing them, but that, after such designation
had been made, he had been served with a writ of prohibition
from this Court; that on the 18th, at the time set for the
hearing, the court was engaged in the hearing of a cause with
a jury; that he had therefore made an order postponing the
hearing again until the 30th; that he intended to hear the mo
tions at that time; that on March 22d the alternative writ of
mandate herein had been issued and served upon him at the
instance of relator; that on March 30th he was engaged in the
trial of a cause entitled ''Annie Hanley v. The City of Butte;''
that said cause was concluded during the forenoon; that there
were other causes on the calendar regularly set for trial for
the days succeeding March 30th; that after considering the
affidavit of relator herein, and believing the application not
justified and premature, because the motions had already been

set for hearing on the 30th, he deemed it proper to move this Court to set aside the alternative writ, and dismiss the application, and that he had determined on this account to postpone the hearing to some future day; that he therefore entered an order postponing it until April 7th; that on March 31st, when it came to his knowledge that this Court had denied the writ of prohibition, the application for which had theretofore been pending herein, and had refused to set aside the alternative writ of mandate, he had vacated the order setting the hearing for April 7th, and, after notice to counsel, set it for April 1st, intending to hear all the motions, if the business in his court would permit him to do so; that, in any event, he intended to have the hearing on April 3d, without regard to whether this Court should issue a peremptory writ or not; that he will not refuse to hear and determine the said motions until required by the order of this Court to do so; that no order of this Court ever was or is necessary to compel him to hear and determine said motions; and that as to the allegations in the affidavit, reflecting upon him personally and as judge of the said court, he does not think it necessary to deny them, as they are immaterial, but that they are not, therefore, to be taken by this Court as admitted.

Immediately upon the filing of this answer, the Court proceeded with the hearing, and, after consideration, concluded that nothing appeared in the answer justifying the said Clancy, as the judge of the said court, in postponing the hearing upon the said motions so often and for such length of time; that the said answer was, and was designed to be, evasive; that the course of the said Clancy, and his treatment of said applications by relator for relief, were unjustifiable and unfair and oppressive; that the said judge well knew that he was not prevented from hearing said motions, and determining them, at any time, by any writ or other process from this Court; and that he well knew that the matters involved in said motions were of great import to the relator and the other parties. interested in the said cause, and that the parties thereto were entitled to a speedy hearing thereon.

It was thereupon ordered and adjudged that a peremptory writ issue directing the said Clancy, as the judge of said court, on or before April 3d, at the opening of court on that day, to proceed to hear and determine all of said motions, and that he make due return to this Court on April 7th, at the hour of 10 o'clock a. m., of his actions and doings in the premises.

On April 7th the Honorable William Clancy made his return to this Court, from which it appeared that on April 1st, at the opening of court, he proceeded to hear all of the said motions, and continued therein on every judicial day thereafter until April 6th, when the hearing was completed, except that relator withdrew its motion for stay of proceedings, and this motion was not heard. Request was made of this Court that the time for a final return under the writ be extended until April 10th. A motion was thereupon made by the relator that this Court impose a fine upon the said William Clancy, because it appeared from his return that he had failed to comply with the command of the writ. This motion was denied, and the request for delay of the final return until April 10th was granted, except that, as to the motion that the receiver be required to give additional bond, an order was made that it be determined forthwith, and that return in that regard be made on April 8th. A supplemental return was made on April 8th, showing that this motion had been determined. On April 10th final return was made, showing that the writ had been fully complied with and obeyed.

HUNT, J., was absent on April 1st, and took no part in the proceedings on that day. With this exception, the hearings were had, and orders made herein, by the whole Court.