FORRESTER AND MacGINNISS, RESPONDENTS, *v.* BOSTON & MONTANA CONSOLIDATED COPPER & SILVER MINING CO. ET AL., APPELLANTS.

[No. 1,385.]

## IN THE MATTER OF THE PETITION OF CERTAIN OF THE APPELLANTS TO PROVE EXCEPTIONS.

[Submitted June 12, 1899.    Decided July 10, 1899.]

*Bill of Exceptions—Original Proceeding for Leave to Prove Exceptions — Immaterial Amendments — Contempt — Mandamus.*

1.  An original petition in the supreme court for leave to prove exceptions, under Sec. 1157 of the Code of Civil Procedure and the rules of the Supreme Court,—the ground

of the application being that certain amendments, not in accord with the facts, were allowed by the trial judge to the bill of exceptions as served—will be dismissed, where the amendments allowed are immaterial.

*Obiter.*—There is no necessity of including in a bill of exceptions an order appealed from, which merely denied a motion to vacate the appointment of a receiver; such order is deemed excepted to, and may be presented as part of the record proper by a copy certified as correct by the clerk.

2.   A bill of exceptions, as presented for settlement, contained a copy of the order appealed from, which merely denied the motion to vacate the appointment of a receiver. The amendment to the bill, proposed and allowed, set out that the court refused to grant the motion to discharge the receiver because defendants had refused to comply with the order appointing the receiver, and had violated it, and stood charged with contempt of court, to which the juage directed to be added a statement corroborating such alleged facts. No such reasons were announced, either by express words or by implication, at the time the order was made. *Held,* that the reasons for the refusal of the order were immaterial, since the court, having "heard" the motion involving substantial rights, could not punish for contempt by deciding against the movants, and hence the Supreme Court cannot strike out such amendments from the bill, under Code Civ. Proc. § 1157, though it may disregard them.

3.   A writ of mandate will not issue to a trial judge, commanding him to hear and determine an application to vacate an order appointing a receiver, where he makes it appear to the Supreme Court by his return that the movants are in contempt.

ACTION by James Forrester and John MacGinniss against the Boston & Montana Consolidated Copper & Silver Mining Company and others. Original proceeding by certain of defendants for leave to prove exceptions. Denied.

*Mr. Wm. H. De Witt, Mr. Wm. Scallon, Mr. W. W. Dixon, Mr. Ransom Cooper, Messrs. Forbis & Evans, Mr. Wm. Wallace, Jr.,* and *Messrs. Carpenter & Carpenter,* for Appellants.

In some of the decisions the Court may find that the question of *mandamus* as against a district judge to compel him to sign a bill of exceptions is discussed. We think *mandamus* is an ordinary law remedy which could be applied in the absence of a statute, such as 1157 C. C. P. and Rule IV of this court.

If the *mandamus* were issued against a district judge, apparently it would go simply to the extent of compelling him to act in some way, without designating how he should act and without correcting any of such judge's wrongdoings. But our statutory and court rule goes farther. It allows this court to review an action of the district judge when he has not allowed an exception in accordance with the facts, and it

furthermore provides that the Supreme Court shall ascertain the facts, and then, by its chief justice, settle the bill of exceptions.

We contend that the case of *Hale* v. *Ditch Co.*, 2 Mont. 489, is not in point in this case. If the Court, however, should disagree with us, and hold that that decision is in point, we submit to the deliberate consideration of this Court the statement that the Hale-Ditch Co. case ought not to be sustained. The Court can readily understand the conditions out of which that decision arose. At that time there were no court stenographers in the state; evidence was taken hastily and imperfectly by counsel or their long-hand clerks. If controversies arose between counsel on settling a bill of exceptions, such controversies must have been resolved in some way, and probably the only safe way was by dependence upon the judge's recollection. We think both the members of this court and counsel can remember very unsatisfactory contentions of this sort. But we have changed all this. The proceedings are now all taken by skilled stenographers and the statute of the state goes so far as to enact that the report of the stenographer shall be *prima facie* evidence of its correctness. (C. C. P., Sec. 377.) The record is here certified by the official reporter. Therefore, the Hale-Ditch Co. case ought not to apply to present conditions.

Assume a case with a stenographer and five respectable counselors at law, or a greater number of creditable witnesses, who testify, not from recollection, but positively, that certain facts occurred on a trial, and, on the other hand, the judge should state that his recollection was to the contrary. We submit that a party should not be prejudiced by such a situation. If the Hale-Ditch Co. case is to prevail, then a judge with a faulty memory, or a judge who is unfair, could absolutely ruin an appeal where the testimony was overwhelming that the facts were different from those certified by the judge.

The Hale-Ditch Co. case, however, has no support in any authority. It is unsupported by "In re Thompson," 9 Mont.

388, because in the Thompson case there had been no attempt in any way to correct what was certified as the judge's recollection.    The case is not supported by any other state, and the decisions of California, under a similar statute, are directly opposed to it.

It cannot be claimed that this statute confers upon the appellate court no power other than to compel the trial judge to settle the bill of exceptions.    Such power is inherent in the absence of any statute, and is exercisable through *mandamus.* The Court may at any time, by its own order, command the judge to settle the bill, but it may not advise him how to settle unless empowered by some legislative measure.    Clearly the purpose of the legislators was to supplement the Court's jurisdiction and enable it to review for adjudication the bill incorrectly settled by the judge below.    Otherwise the statute is mere impotent surplusage on the books.    It gives nothing, means nothing, and for the careless, defective ruling of a trial judge there is no remedy.    As early as 1866, Justice Sanderson, of the California court, defining the practice authorized by this statute, said:

"A motion to correct a statement of exceptions where the court below refused to make the same conform to the facts is an original proceeding in this court, and must be instituted by a petition in writing setting forth at length the exceptions which were taken at the trial and not allowed by the judge, and so much of the evidence as may be necessary to illustrate them."

This doctrine is sustained in the estate of W. W. Hill, 62 Cal. 186.

It is the duty of the judge in settling the bill to make it conform to the facts.    89 Cal. 592.    If he does not do so, the appellate court will interfere.    49 Cal. 263, 76 Cal. 284, 75 Cal. 230.

In the case of a refusal by the judge to allow an exception the Supreme Court will interfere to correct the bill.    86 Cal. 352, 87 Cal. 392, 89 Cal. 590.

The correction in a bill of exception is to be sustained by the preponderance of the evidence.    85 Cal. 214.

The case of *Baird et al.* v. *Glecklar,* South Dakota, 52 Northwestern 1097, discusses at length the questions herein involved.

The settlement of a bill of exceptions is reviewable before the Supreme Court. *Severson* v. *M. M. Mutual Ins. Co.* (S. D.), 53 Northwestern 860.

The California cases are overwhelmingly favorable in the construction of the statute as above discussed. The practice upon which we insist, while not declared in positive terms, is implied and recognized as a matter of course in the following cases: 49 Cal. 510, 68 Cal. 414, 72 Cal. 227, 73 Cal. 1, 75 Cal. 230, 85 Cal. 214, 108 Cal. 32.

*Messrs. Cullen, Day & Cullen, Mr. R. B. Smith, Messrs. Clayberg & Corbett,* and *Messrs. McHatton & Colter,* for Respondents.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

This is an original proceeding for leave to prove certain exceptions which the petition states the judge of the Second judicial district court has refused to allow in accordance with the facts. The petitioners are the Boston & Montana Consolidated Copper & Silver Mining Company, John F. Forbis, G. H. Hyams, and Frank Klepetko, the answering defendants in *Forrester & MacGinniss* v. *Boston & Montana Consol. C. & S. Mining Co. et al.,* several phases of which case have been before this court in 21 Mont. 544, 55 Pac. 229; 21 Mont. 565, 55 Pac. 353; 22 Mont. 220, 56 Pac. 219; 22 Mont. 241, 56 Pac. 281; 22 Mont. 376, 56 Pac. 687; 22 Mont. 438, 56 Pac. 865; 22 Mont. 352–430, 56 Pac. 1135, 868. The petition purports to be drafted under the provisions of section 1157 of the Code of Civil Procedure, and of subdivision 14 of Rule IV., now Rule V., of this court. It appears that the petitioners moved the district court to vacate the order of December 15, 1898, appointing a receiver for the property of the defendant company, and to discharge him; that a hearing was had in obedience to the mandate of this court (*State ex rel.*

*Boston & Mont. Consol. C. & S. Mining Co.* v. *Second Judicial District Court,* 22 Mont. 438, 56 Pac. 865); that on April 10, 1899, the court denied the motion, and defendants appealed to this court (*Forrester et al.* v. *Boston & Montana Consol C. & S. Mining Co.*, 22 Mont. 430, 56 Pac. 1134, 868), where the cause is now pending. It further appears that the defendants served a draft of their bill of exceptions, to which plaintiffs proposed 10 amendments. Upon presentation for settlement, the judge allowed nine of the amendments, besides making an addition of his own, and ordered that the bill, as so amended, be engrossed and settled. Four of the amendments allowed are asserted to be discordant with the proceedings had upon the hearing of the motion, and one is said to be contrary to the facts attending the making of the order appealed from. Defendants therefore contend that the judge refused to allow their exceptions in accordance with the facts, and pray that the facts touching the matters to which the amendments are directed, and the refusal of the judge to allow the bill as presented, may be proved and certified under the provisions of section 1157 and the rules of this court. A referee was appointed *ex parte*, and without notice to the plaintiffs, and he has reported the testimony taken by him in support of the petition.

The petition must be dismissed upon the ground that the amendments allowed are immaterial; hence we do not consider or decide, but expressly reserve, all questions which might arise, were the amendments material, in respect of the power and right of the supreme court, under section 1157 and Rule V., to alter or remodel a bill of exceptions allowed by the trial judge; nor, on the present application, is it necessary either to interpret or construe the section. The avowed purpose of incorporating the amendments was to show that the defendants, and particularly the Boston & Montana Consolidated Copper & Silver Mining Company, were in contempt of the district court during the hearing of the motion, and at the time it was denied; for example: the bill, as presented for settlement, contains a copy of the order appealed from,

which merely overruled and denied the motion to vacate the
appointment of the receiver,—in passing, we may say that
there was no necessity of including the order in the bill, for
it is deemed excepted to, no bill of exception is required, and
it may be presented as part of the record proper by a copy
certified as correct by the clerk; the amendment proposed and
allowed in that regard sets out that ''the court refused to
grant the motion to discharge the receiver upon the ground
and for the reason that the defendants in the case had refused
to comply with the court's order contained in the order ap-
pointing the receiver, and had resisted and violated the same,
and that the said defendants stood charged with contempt of
this court, and therefore were not entitled to be heard or to
have said motion granted, and thereupon said court overruled
said motion,'' to which the judge directed to be added the
following: ''The court being of the opinion that on account
of the contemptuous conduct of the defendants aforesaid, and
their position before the court, they were not entitled to any
relief asked, or to a consideration of their motion by the
court, and the court denied the same for that reason; it ap-
pearing clearly from the evidence presented on the hearing of
the motion that defendants had violated the order of the court
appointing the receiver, and were during the course of the
hearing violating the same, and doing everything in their
power to avoid a compliance therewith, and were avoiding
service of the process of this court issued in this action.''
The testimony taken and returned by the referee shows very
clearly that no such reasons were announced, either by ex-
press words or by implication, at the time the order was
made, and that, if they existed, they were known only to the
judge of the court, who omitted to reveal or confide them to
those whose interests were, as he evidently believed, seriously
affected thereby.    But the reasons so given are not material
to any issue or question presented on the appeal, and this
court, although it may disregard, has no power, by virtue of
section 1157 or otherwise, to strike out such matter from a
bill.    It may be conceded that the trial court might justly

have refused to entertain the motion to discharge the receiver on the ground that the defendants were then in, or perhaps even charged with, contempt of its order or process, or to decide it until the moving parties had purged themselves of a contempt brought to the court's knowledge after the beginning of the hearing. In this case, however, the court did not refuse to hear the motion, neither did the court decline to decide. Both a hearing and a determination were had and made, respectively; and in a matter not of mere favor or privilege to a litigant, but involving substantial rights, a court cannot, without committing gross and palpable error, punish a party charged with contempt by deciding against him the cause or proceeding in which the contempt is alleged to have occurred. If it could, then, for instance, a demurrer interposed to an insufficient complaint may properly be overruled because the demurrant is in, or is charged with, contempt. If it could do so, then the court can rightly direct the jury to find against a party in contempt, although he would, except for the contempt, be entitled to recover. Such practice would be a travesty of justice. It will not be tolerated in a land where the fundamental principles of the common law are the rules of action.

Counsel for the plaintiffs suggest, tentatively, that the district court and judge were compelled by our writ of mandate to hear and determine the application to vacate the order appointing the receiver while the defendants were in open defiance of said order, and that the judge "preferred, rather than to make answer to the alternative writ setting forth as a ground of his refusal to hear the application, the facts showing the defendants to be in contempt, to proceed with the hearing under the writ of mandate, and to deny the application for that reason." Reference to the opinion in *State ex rel. Boston & Montana Consol. C. & S. Mining Co.* v. *Second Judicial District Court et al.*, 22 Mont. 438, 56 Pac. 865, shows that the district judge stated the reasons in detail why he had not heard the motion, and declared that in any event he intended to hear the motion on April 3, 1899, with-

out regard to whether or not this court should issue a peremptory writ.    Now, it appears that the answer to the alternative writ was made on April 1, 1899, and that the proceedings against the defendants for contempt were instituted in the district court, and before its judge, on the 13th and 15th days of March, 1899,—some two weeks theretofore. The pretended excuse attempted to be made in behalf of the judge for the omission of the reasons mentioned from his answer and return is not even plausible.    Moreover, instead of making the return to the peremptory writ show that he declined to decide the motion to discharge the receiver because the defendants' contempt had been proved since his answer to the alternative writ, he made a final return on April 10th that he had determined the motion.    Had he made it appear to this court that the defendants were in contempt, it is hardly necessary to say that he would not have been commanded to entertain or to pass upon the application while that condition of affairs existed.    The conduct of the judge to which we have adverted is unworthy of emulation.

No one of the amendments by which the draft of the bill of exceptions is changed is either material or relevant, for the question to be considered upon the appeal will be whether or not the order appointing the receiver should have been vacated, and that officer discharged.    The proceedings as for contempt, of which the defendant company has been subsequently adjudged guilty, are wholly foreign to the question.

The prayer of the petition is therefore denied, and the petition dismissed, at the costs of the applicants.

*Dismissed.*