FORRESTER & MacGINNISS, Respondents, v. BOSTON & MONTANA CONSOL. COPPER & SILVER MINING CO., a Corporation of Montana, et al., Appellants.

[No. 1,385.]

[Submitted April 21, 1900. Decided May 7, 1900.]

*Corporations—Receivers—Order of Appointment—Vacation —Appeal.*

Where a receiver was imposed on a corporation at the instance of minority stockholders, because of its having illegally transferred its stock and property to another corporation, and on motion of the two corporations and their directors to vacate the order appointing the receiver they offered in evidence a deed of reconveyance and bill of sale previously executed, and offered to allow a decree to be entered perpetually restraining the directors from voting for a transfer, and restraining the company from making a transfer, and declaring the reconveyance valid, it was error to refuse to admit the deed in evidence on the ground that Act of Feb. 28, 1899 (Session Laws, p. 146), only authorized consideration of facts existing when an order appointing a receiver was made on an appeal from an order refusing to vacate the appointment.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Suit by James Forrester and John MacGinniss against the Boston & Montana Consolidated Copper & Silver Mining Company and others. From an order refusing to vacate an order appointing a receiver, defendants appeal. Reversed.

*Messrs. Forbis & Evans, Mr. William Scallon, Mr. W. W. Dixon, Mr. Ransom Cooper, Mr. William H. DeWitt, Mr. William Wallace, Jr.,* and *Messrs. Carpenter & Carpenter,* for Appellants.

*Messrs. McHatton & Cotter, Messrs. Clayberg, Corbett & Lee, Mr. Rob't B. Smith, Messrs. Cullen, Day & Cullen,* and *Mr. Chas. R. Leonard,* for Respondents.

PER CURIAM.—The defendants, the Boston & Montana Consolidated Copper & Silver Mining Company, a Montana

corporation, the Boston & Montana Consolidated Copper & Silver Mining Company, a New York corporation, and other defendants, appeal from an order of the district court of Silver Bow county, made and entered on the 10th day of April, 1899, by which the said district court denied and overruled a motion of the defendants to vacate and set aside an order made on December 15, 1898, appointing one Thomas R. Hinds receiver for the defendant corporation of Montana. The history of this litigation can be sufficiently well stated for the purposes of the consideration of this appeal by reference to the former opinions of this Court rendered upon the several phases thereof which have been before us in 21 Mont. 544, 565, 55 Pac. 229, 353; 22 Mont. 220, 56 Pac. 219; 22 Mont. 241, 56 Pac. 281; 22 Mont. 376, 56 Pac. 687; 22 Mont. 438, 56 Pac. 865; 22 Mont. 430, 56 Pac. 868; 23 Mont. 122, 58 Pac. 40.   The appeal before us was taken pursuant to an act of the legislative assembly approved February 28, 1899 (Session Laws 1899, p. 146), allowing an appeal "from an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver." The defendants, on March 1, 1899, filed a motion to vacate the order as stated above.   A hearing was had upon the motion, and on April 10th it was denied.   At the hearing of the motion to vacate the order of December 15, 1898, the defendants introduced evidence tending to show that the New York corporation had reconveyed and retransferred to the Montana corporation all the property and effects which had theretofore been delivered to the New York corporation, and offered in evidence the deed of reconveyance and the bill of sale dated December 13, 1898, —but not delivered until after the appointment,—by which the transfer was effected.   This deed and the bill of sale were produced in court, and tendered in evidence, but were excluded upon the objection of plaintiffs.   The defendants, both orally and in writing, made the following offer, which is still open for acceptance, but which the plaintiffs refused to entertain:

"Boston and Montana Consolidated Copper and Silver Mining Company, a Montana corporation, Boston and Montana Consolidated Copper and Silver Mining Company, a New York corporation, Frank Klepetko, John F. Forbis and G. M. Hyams, defendants in the above-entitled action, hereby offer and consent to allow judgment and decree to be taken and entered against them forthwith in the above-entitled action perpetually enjoining them, and each of them, from voting, either in person or by proxy, or as proxy or agent or attorney, for any other person, and from allowing to be voted in person or by proxy, any shares of the capital stock of the Boston and Montana Consolidated Copper and Silver Mining Company at any meeting of the stockholders of said company held or to be held, or at all, in favor of selling the whole or any part of the property of said corporation mentioned in Exhibit A. of the complaint to the New York Company, or in favor of any proposition conveying or attempting to convey the mining property of the Montana company to the New York company, or any part thereof; and also perpetually enjoining the said defendant Boston and Montana Consolidated Copper and Silver Mining Company of New York from mining the property mentioned in Exhibit A. of the complaint herein, or carrying on or conducting business therewith, or from mining or extracting ores from the mines or mining claims therein mentioned; also perpetually enjoining said defendants from conveying or attempting to convey the property of the Montana company described in the complaint to the New York company; and also ordering and requiring the said New York company to deliver to the Montana company all the property received by it, the said New York company, from the said Montana company, and perpetually enjoining said New York company from using said property or mining or extracting any ores therefrom, or from removing or disposing of any ores, concentrates, or mattes, the product of any such property; also adjudging that the acts of the directors and officers of the Montana company, so far as relate to the sale or conveyance or the attempt to sell or convey the

property of the said Montana company to the said New York company, be declared null and void, and that the deed of conveyance heretofore given to the said New York company, by the officers and directors of the said Montana company, and executed in its name, for all the property and rights mentioned or described in Exhibit A. of the complaint herein, which deed is recorded on page 173 of Book No. 29 of Deeds, records of Silver Bow county, Montana, be declared null and canceled; and that the said New York company be forever enjoined from asserting any claim under said deed to said property; also that said New York company be declared to have no right, title, or interest in or to any of the property of the Montana company heretofore at any time conveyed or attempted to be conveyed by said Montana company to said New York company; that said New York company be required and compelled to execute any conveyances or other instruments, and to do any and all acts that may be necessary or proper to be done to reinvest in, or convey or release to, the said Montana company, all title, rights, or claims on the part of the said New York company in or to all and any property conveyed or attempted to be conveyed to said New York company by said Montana company, and to invest said Montana company with the possession and control thereof; also that the New York company be required and compelled to account to the court fully and entirely for all the property of every kind received by it at any time from said Montana company under any alleged sale or otherwise, and for all proceeds, profits, and property at any time received by it from said Montana company during the time said New York company may have been in possession of said property, or any part of it, or received any profits or proceeds therefrom; also that defendant, the New York company, pay whatever may be found due upon said accounting to the said Montana company; also that plaintiffs have judgment herein for their costs of this suit herein expended to this date. Dated at Butte, Montana, this 5th day of April, A. D. 1899."

The court sustained the objection to this offer, and refused to consider it.

The court erred in its refusal to consider the offer of the defendants, and to admit in evidence the deed and bill of sale. Such conveyance, bill of sale, and offer constituted an undoing of the wrongful acts complained of by the plaintiffs, or at least made *prima facie* complete restitution of the property to its rightful owner. This matter is dwelt upon at length in *Forrester & MacGinniss* v. *B. & M. C. C. & S. Mining Co.*, 22 Mont. 430, 56 Pac. 868, and we need not here repeat what was there said. The objections to the offer and to the introduction of the deed of conveyance and bill of sale were without merit. If these had been received, it would have been the duty of the court below, in the absence of some counter showing, to discharge the order of December 15, 1898, appointing the receiver.

It is contended by the plaintiffs that the consideration of any matters happening since the order appointing the receiver was entered was immaterial upon the motion to vacate that order. This position is based upon the assumption that the statute allowing an appeal from an order refusing to vacate the appointment of a receiver permits a review of those facts only which existed when the order of appointment was made, and that the necessary effect of the vacation of an order appointing a receiver is to annul or avoid such order from the beginning—in other words, to destroy the order, and declare void everything done under it. The word "vacate," however, as employed in the act of February 28, 1899, *supra,* is not so to be restricted in its meaning. The statute should be understood also as creating the right to appeal from an order refusing to vacate the order of appointment where the motion to vacate is based, not upon the conditions existing when the order was made, but upon facts occuring subsequently to the making of the original order; and in the case of such a motion the vacation of the order appointing the receiver is neither more nor less than the discharge of the order after it has served its purpose. Where the order appointing a receiver is vacated for reasons arising after the appointment was made, the vacation or discharge takes effect as of the day it is en-

tered, and all acts theretofore lawfully performed in pursuance of the appointment are valid.

The offer made by the defendants, which the court should have required the plaintiffs to accept, renders it unnecessary to continue the receivership for the purpose of an accounting.

The order refusing to vacate the order of December 15, 1898, is therefore reversed, and the cause is remanded, with directions to the court below and its judge to admit the evidence and the offer excluded, and proceed to hear and determine the motion in accordance with the views herein expressed.

*Reversed and remanded.*

## MODIFICATION OF THE FOREGOING OPINION.

[Filed June 8, 1900]

**PER CURIAM.**—Upon further consideration we are satisfied that no necessity exists for a new hearing in the court below of the application to vacate or discharge the order of December 15, 1898, appointing a receiver for the Boston and Montana Consolidated Copper and Silver Mining Company of Montana.  By acceptance of the offer quoted in the opinion, the plaintiffs will obtain all the redress to which they are entitled.  Although the deed of conveyance and the bill of sale should have been admitted in evidence, yet the error committed in excluding them does not require the court below further to examine the merits of the application, for the offer made subsequently to the ruling by which the muniments of title were rejected, conceded, and still concedes, to the plaintiffs the right to recover a judgment awarding to them the substantial relief for which they prayed, and obviated the need of continuing the receivership.  The duty of the court below was plain and unmistakable; when the offer was made the court should have ordered a judgment to be entered conformable to the terms of the offer, and then discharged the order

of appointment. No reason exists for the retention of the receiver, the order appointing such officer having fully performed the purposes to subserve which it was granted.

The last paragraph of the original opinion is therefore amended so as to read as follows: The order refusing to vacate the order of December 15, 1898, is reversed, and the cause is remanded, with directions to the district court to render and cause to be entered a judgment and decree in favor of the plaintiffs and against the defendants in conformity to the offer made; and thereupon forthwith to vacate or discharge the order appealed from, such vacation or discharge to take effect as of the date of such judgment so to be rendered and entered, but without prejudice to any right of the receiver to be reimbursed out of the trust estate for any amounts he may have properly expended or become liable to pay, and to be compensated for his services.

*Reversed.*

MR. JUSTICE WORD takes no part in the foregoing decision.