TAINTOR, Appellant, v. ST. JOHN, Respondent.

(Nos. 3,473 and 3,474.)

(Submitted February 9, 1915. Decided February 27, 1915.)

[146 Pac. 939.]

*Receivers—Vacating and Abrogating Appointment—Effect of Orders — Estoppel — Failure to Appeal — District Court — Powers—Partnership—Costs and Expenses—Erroneous Judgment—Nonappealable Orders.*

Appeal and Error—Receivers—Nonappealable Orders.

　　1.　An order annulling an order appointing a receiver is not appealable, but may be reviewed on appeal from the final judgment.

　　[As to what judgments and errors may be appealed from, see note in 20 Am. St. Rep. 714.]

Receivers—Appointment—Vacating and Abrogating Order—Effect.

　　2.　An order vacating an order appointing a receiver, in effect discharges the receiver and relieves him and the party at whose instance he was appointed from liability on account of the receivership, but an order abrogating such an order blots out the receivership as from the beginning, and leaves the party who procured the appointment liable for the expense incurred by reason of the receivership, over what it would have been if a receiver had not been appointed.

Same—Validity of Appointment—Failure to Appeal—Estoppel.

　　3.　Neither failure to appeal from an order appointing a receiver, nor subsequent orders of the judge directing the receiver in the management and disposition of the property in his charge, were conclusive as to the propriety of the appointment so as to prevent a subsequent order annulling it.

Same—Orders—District Judges—Powers.

　　4.　An order annulling an order appointing a receiver could properly be made by the successor in office of the judge who made the appointment.

Same—Appointment—Partnership—Annulment of Order—Costs and Expenses—Erroneous Judgment.

　　5.　Where an order appointing a receiver of a partnership composed of two, at the suit of one of them was annulled after all costs and expenses of the receivership had been paid out of the receivership funds, the court committed error in adjudging that defendant recover from plaintiff the full amount of such costs and expenses; inasmuch as the receivership funds were owned by plaintiff and defendant in equal proportions, judgment for one-half of the expenses was all defendant was entitled to.

*Appeal from District Court, Rosebud County; Geo. W. Pierson, Judge.*

Action by C. M. Taintor against C. C. St. John. From a judgment for plaintiff and from orders annulling an order ap-

pointing a receiver. and denying a new trial, plaintiff appeals. Appeal from order annulling the appointment of the receiver dismissed. Order denying new trial affirmed. Judgment ordered modified and affirmed as modified.

*Messrs. Gunn, Rasch & Hall, Mr. D. B. P. Marshall, Mr. Geo. W. Farr* and *Mr. O. F. Goddard,* for Appellant, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

The court erred in vacating and annulling the order appointing a receiver. As the order appointing a receiver was an appealable order (sec. 7098, Rev. Codes), and no appeal was taken therefrom, the lower court was without jurisdiction to vacate and annul the same. (Sec. 7096, Rev. Codes, *Whitbeck* v. *Montana Cent. Ry. Co.,* 21 Mont. 102, 52 Pac. 1098; *Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.) The lower court undoubtedly had the right, upon a showing that there was no further necessity for a receiver, to vacate the order appointing him or order his discharge. Under such circumstances, the vacation of the order appointing a receiver is the same as an order of discharge. (*Forrester & MacGinniss* v. *Boston & Mont. etc. Min. Co.,* 24 Mont. 148, 60 Pac. 1088, 61 Pac. 309; *Pagett* v. *Brooks,* 140 Ala. 257, 37 South. 263.)

The order complained of not only discharged the receiver, but "vacated and annulled" the order appointing him, for the reason stated that such order "was improvidently and improperly made." We do not question the order to the extent that it discharged the receiver, but we respectfully submit that the part of the order annulling the order appointing the receiver was made without jurisdiction, and is void. The discharge of the receiver or the vacation of the order appointing him, where the purpose is to effect a discharge, is very different from both vacating and annulling the order appointing a receiver. Where the order vacating the appointment operates merely as the discharge of a receiver, both the receiver and the party who secured his appointment are relieved from liability for the acts of the receiver, whereas, if the order is vacated in the sense of

being annulled, the receiver and the party securing his appointment will be regarded as wrongdoers. (*Thornton-Thomas Co.* v. *Bretherton,* 32 Mont. 80, 80 Pac. 10; *Forrester & MacGinnis* v. *Boston & M. etc. Min. Co., supra.*)

Assuming, however, for the sake of argument, that the lower court had jurisdiction, not only to discharge the receiver but to annul the order appointing him, we submit the finding of the court that the order was improvidently and improperly made was wholly unwarranted. It is fundamental law that where there is jurisdiction of the parties and subject matter, the appointment of a receiver is within the discretion of the court or judge, and that the appointment will not be annulled by an appellate court unless there has been a clear abuse of discretion. (High on Receivers, 4th ed., p. 12; Beach on Receivers, sec. 118; *Whitley* v. *Bradley,* 13 Cal. App. 720, 110 Pac. 596; *Heinze* v. *Butte & B. M. Co.,* 126 Fed. 1, 61 C. C. A. 63.) It follows that Judge Pierson, even conceding that he was authorized to review the action of Judge Fox in making the appointment, should not have annulled the order unless the latter had been guilty of a clear abuse of discretion.

The orders of October 11 and November 21, 1912, continuing the receivership were in effect a reappointment of the receiver. (*Southwell* v. *Church,* 51 Tex. Civ. App. 547, 111 S. W. 969.) The same reason existed for the appointment as justified the continuation of the receivership, or what was in effect the reappointment and the orders continuing the receivership are in direct conflict with the order subsequently made annulling the appointment. In view of the fact that the receiver was continued in office and was required and commanded to gather and ship the balance of the cattle upon the application of the defendant, there was clearly an estoppel on the part of the defendant to afterward move to have the order appointing the receiver annulled. (34 Cyc. 162, and cases cited; *McKinnon* v. *Wolfenden,* 78 Wis. 237, 47 N. W. 436; *Dilley* v. *Jasper Lumber Co.* (Tex. Civ. App.), 114 S. W. 878.)

Where an order appointing a receiver is reversed, or it is otherwise determined that a receiver was appointed without cause, the party securing the appointment is liable for the salary and expenses of the receiver in excess of any benefit to the other party. (*Hickey* v. *Parrot Silver etc. Co.,* 32 Mont. 143, 108 Am. St. Rep. 510, 79 Pac. 698.) Where, however, there was just cause for the appointment of a receiver, the salary and other expenses of the receiver are a charge against the property. (High on Receivers, 4th ed., sec. 809; *Ferguson* v. *Dent,* 46 Fed. 88; *Clark* v. *Brown,* 119 Fed. 130; *Hembree* v. *Dawson,* 18 Or. 474, 23 Pac. 264.)

*Messrs. Enterline & Lefleche* and *Messrs. Loud, Collins, Campbell, Wood & Leavitt,* for Respondent, submitted a brief; *Mr. Chas. S. Loud* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

After C. M. Taintor and C. C. St. John had been jointly interested in certain range livestock and equipment for carrying on the business for a time, this suit was instituted by Taintor against St. John to terminate the relationship, for an accounting, and for the appointment of a receiver. On January 23, 1912, after a hearing at which both parties were present in person and by counsel, a receiver was appointed. On June 28 following the cause was committed to a referee to take testimony and report findings. Before the conclusion of the hearing the parties effected a compromise of their differences, and entered into an agreement of settlement, by the terms of which, after the payment of certain stated amounts, the residue of all net proceeds arising from the sale of steer cattle should be divided between the parties equally. All questions affecting the receivership were left for determination by the court. On October 11 the court entered an order, and on November 25 a supplemental order, directing the receiver with reference to the disposition of the property. In October, 1912, February, 1913,

and March, 1913, the receiver made his reports to the court, and these reports were approved. On March 4, 1913, the defendant moved the court to vacate and dissolve the order appointing the receiver, and this motion was sustained in an order which reads· as follows: "Whereas it appears that there is no further need for the continuance of the receiver in this cause, John T. Logan, heretofore appointed receiver in this cause, is hereby discharged, and his bond exonerated from further liability, and, whereas, it further appearing to the satisfaction of the court that no cause existed for the making of the original order appointing said receiver in this cause, and that such order was improvidently and improperly made, that the original order appointing John T. Logan as such receiver be, and the same is hereby, vacated and annulled." In September, 1912, the referee made his report, and on September 25, 1913, the court rendered its final judgment that plaintiff take nothing, and that defendant recover from plaintiff the sum of $5,675.42, which was determined to be the amount of the expenses of the receivership over what would have been incurred in transacting the business if a receiver had not been appointed. From that judgment and from an order denying him a new trial, plaintiff has appealed.

The Constitution provides for appeals to the supreme court from the district courts under such regulations as may be prescribed by law. (Art. VIII, sec. 15.) Section 7098, Revised **[1]** Codes, enumerates the judgments and orders from which appeals are allowed. "An appeal is authorized by statute only, and, unless the judgment or order which it is sought to have reviewed in this mode falls fairly within the enumeration of appealable orders or judgments made by the statute, the appeal does not lie." (*Tuohy's Estate,* 23 Mont. 305, 58 Pac. 722; *State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589.) Since an order annulling an order appointing a receiver is not one of the judgments or orders enumerated in section 7098, above, no appeal lies therefrom, though such order is reviewable upon appeal from the final judgment.

Counsel for appellant concede that the trial court had authority to vacate the order appointing the receiver, but deny to the court the right or authority to abrogate the order altogether. [2] An order vacating an order appointing a receiver is, in effect, an order discharging the receiver, and such an order relieves the receiver, and the party at whose instance he was appointed, from liability on account of the receivership (*Forrester & Mac-Ginniss* v. *Boston & Mont. etc. Co.*, 24 Mont. 148, 60 Pac. 1088, 61 Pac. 309) ; whereas the effect of an order abrogating an order appointing a receiver is to blot out the receivership as from the beginning, and leave the party who procured the appointment liable for the expense incurred by reason of the receivership over what it would have been if a receiver had not been appointed. (*Thornton-Thomas Merc. Co.* v. *Bretherton*, 32 Mont. 80, 80 Pac. 10.)

The principal contention of counsel for appellant has its foundation in the hypotheses: (a) That the original order [3] appointing the receiver was appealable under section 7098, above, and, since no appeal was taken, the matter should be deemed adjudicated upon the facts as they existed at the time the order was made; (b) that the subsequent orders directing the receiver in the management and disposition of the property operated as reappointments of the receiver, or, at least, as confirmations of the original order; and (c) that, since the order appointing the receiver was made by Judge Fox, Judge Pierson was without authority to review and annul such order. Appellant relies upon the decision of this court in the *Forrester & MacGinniss Case*, above, while counsel for respondent cite the former appeal in the same action (22 Mont. 430, 56 Pac. 868). Neither case is directly in point. The opinions, while somewhat illuminating, are not decisive upon the facts as presented in this instance; but the later case of *Lyon* v. *United Fidelity & Guaranty Co.*, 48 Mont. 591, 140 Pac. 86, determines the questions raised upon the first and second hypotheses above adversely to appellant's contention. We are satisfied with the conclusions

announced in that case, and further discussion would be without avail.

(c) The order appointing the receiver was made by Judge Fox sitting in the court of the thirteenth judicial district. The [4] order of annulment was made by Judge Pierson in the same court after the expiration of Judge Fox's term. While it is true in a certain sense that to make the order of annulment Judge Pierson necessarily reviewed the order appointing the receiver, he did nothing which Judge Fox during his term might not have done under the decision in the *Lyon Case,* above. It was the same court which acted in each instance, and, in our opinion, it is immaterial that a different judge presided upon the different occasions.

In determining the amount of the judgment, the trial court [5] fell into error. The reports of the receiver disclose that all costs and expenses of the receivership had been paid out of the receivership funds, which funds belonged to the plaintiff and the defendant in equal proportions. It thus appears that plaintiff had already contributed one-half toward the expenses found to be unnecessary by reason of the receivership. To impose upon him now the additional burden of paying the respondent such expenses in full, after he has paid one-half, is inequitable, and cannot be defended. If he is required to pay an additional one-half of such unnecessary expenses, he will then have been penalized for his wrongful act to the full extent authorized by law. The costs of suit were properly taxed against the plaintiff, for the court found against him on the merits of the case.

The attempted appeal from the order annulling the order appointing the receiver is dismissed. The order refusing a new trial is affirmed. The cause is remanded to the district court, with directions to modify the judgment by reducing the amount thereof one-half as of the date of its original entry, and, when so modified, the judgment will stand affirmed. Each party will pay one-half of the costs of these appeals.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.