State vs. Gibson and Dillon.

---

No. 12,596.

STATE OF LOUISIANA VS. WILLIE GIBSON AND WILL DILLON.

Where a party proceeded against by information filed in open court has pleaded to the said information and gone to trial and is convicted, and on his appeal the verdict of the jury and judgment are set aside and the case remanded for further proceedings, it is too late for him to urge for the first time in arrest of judgment ofter a second conviction, that the information had been filed without the consent of the court first obtained.

The defendant by pleading to an information waives the objection that the said information was filed without leave of court first obtained.

APPEAL from the Fourteenth Judicial District Court for the Parish of West Baton Rouge. *Talbot, J.*

---

*M. J. Cunningham*, Attorney General, and *Alex. Hébert*, District Attorney, (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellant.

---

*Clarence S. Hébert* for Defendant, Appellee.

Submitted on briefs November 20, 1897.
Opinion handed down November 29, 1897.
Rehearing refused January 10, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J.   The following entry appears on the minutes of the District Court for the parish of Iberville, under the date of the 14th September, 1896:

"STATE OF LOUISIANA      ⎫
vs.                      ⎬
" WILLIE GIBSON AND WILL DILLON. ⎭

" Information filed for ' larceny.' "

" Will Dillon, being present in court, was regularly arraigned, plead not guilty and asked for trial by jury and case assigned."

The defendant Dillon was subsequently tried and convicted.  On appeal to the Supreme Court the verdict and judgment were set aside and the case remanded for a new trial (State vs. Dillon, 48 An. 1365).

On the return of the case to the District Court defendant filed (so the minutes state) a " demurrer," which was overruled and the defendant was sent to trial.  On the second trial he was again convicted, but the court having sustained a motion in arrest of judgment, the State appealed.

In the brief filed in behalf of appellee it is stated:

" Before going to trial accused, by his counsel, filed a demurrer to the proceedings, based on the fact that the information, though filed in open court, had not been filed with the consent of the court first obtained as required by the statute. This demurrer was overruled and the accused was sent to trial.  No reason was assigned by the trial judge and no bill was reserved by the defence.  Dillon was found guilty.  A motion for a new trial was made and overruled, and a motion in arrest was presented by the defendant on the ground that the information against him had not been filed with the consent of the court first obtained.

The motion was sustained, and the State having reserved a bill of exceptions to the ruling of the court, annulling and setting aside the verdict, prosecutes this appeal.

Appellee calls our attention to Sec. 977 of the Revised Statutes, which declares that prosecutions for offences not capital may be

by information with the leave of the court first obtained, and contends that the law makes a consent of the court prior to the filing of the same a condition precedent to a prosecution under an information, and that evidence of such prior consent must appear on the face of the record.

The Attorney General contends that it is not necessary that the minutes of the court should show affirmatively that the leave of court was first obtained to file an information, and that the court ordered it filed, when the minutes show affirmatively that said information was offered to be filed in open court and was filed.

He also directs the court to Act No. 35 of 1880, entitled an act to provide for the trial of offences where the penalty is not necessarily imprisonment or hard labor, or death, by the second section of which act it is provided that "District Attorneys may file information in the office of the clerk of the District Court, which said filing shall be as valid as if made in open court," and to the fact that the penalty for larceny is not necessarily imprisonment at hard labor or death.

Appellee's reply is that, though under this act the District Attorney may file the information in the clerk's office, out of open court, he none the less must have had prior consent of the court to filing of the information.

The information in this case was filed in open court, the accused was arraigned upon it, pleaded not guilty and asked for trial by jury. He was tried and convicted. He appealed, and succeeded on appeal in having the verdict and judgment set aside and the case remanded for further proceedings.

It was only upon the return of the cause to the District Court that he urged for the first time that the information had been filed without the consent of the court first obtained, and upon the overruling of that complaint he acquiesced therein and reserved no bill of exception. He was tried a second time and convicted, and thereafter was successful in causing the proceedings to be arrested on a motion in arrest of judgment. We are of the opinion that the court erred. Every affirmative act in the cause from the filing of the information down to the return of the cause to the District Court evidenced the concurrent knowledge and assent of the court, the State and the accused to the regularity and legality of the proceeding against the present appellee. The administration of criminal justice

would be thrown into disrepute were an accused party to be able to hold such an objection in reserve to be utilized only after his case had been remanded to the District Court for a new trial. It was held by this court in State vs. McCord, 23 An. 326, that "in a criminal case the objection that there was no order of court authorizing the filing of the information comes too late if only made for the first time in the Supreme Court." We are of the opinion that defendant by pleading to the information waived the objection he now urges.

For the reasons herein assigned: It is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and appellee's motion in arrest is hereby overruled and denied, and the cause reinstated on the docket of the District Court.

It is further ordered that the District Court do enter judgment in the cause under the verdict therein according to law, the cause being remanded to the District Court for that purpose. 21 An. 348; 38 An. 145.