FORRESTER & MacGINNISS, RESPONDENTS, *v.* BOSTON & MONTANA CONSOL. COPPER & SILVER MINING CO. ET AL., APPELLANTS.

[No. 1,385.]

[Submitted April 11, 1899. Decided April 13, 1899.]

*Corporations—Receivers—Appointment—Refusal to Vacate—Appeal—Stay—Restitution—Contempt.*

1.  Though an order appointing a receiver be not appealable, yet the court may, on appeal from an order refusing to vacate the appointing order, consider the showing made on the application to vacate, even though it involves a scrutiny of matters before the lower court when it made the appointing order.
2.  A court should never, on a slight or unsubstantial showing, continue a receivership for a solvent corporation, which has apparently removed all necessity for the control of its property by the court, and where every possible protection can be afforded a minority shareholder who feels aggrieved.
3.  Pending appeal by a corporation from an order refusing to vacate a receivership imposed at the instance of minority stockholders, because of the corporation illegally transferring its stock and the property to a foreign corporation, the majority stockholders moved for a stay and for restitution, and offered to make full accounting for all transactions subsequent to the illegal transfer, to allow the injunction restraining it from transferring its property to be made perpetual, to suffer judgment canceling the conveyances and declaring valid a reconveyance, and to indemnify the minority stockholders. The majority represented 149-150 of the stock, and the corporation was solvent, and had $1,000,000 in the treasury,—its property being worth $40,000,000, —with no debts. The corporation made a *prima facie* showing that the management of the receiver would not be as skilled as operation by its own servants, and would not result as advantageously to the shareholders. *Held,* that the stay should be granted and restitution made, on execution of a sufficient bond.
4.  In order to make the stay effective, the Supreme Court has full authority to make any order it thinks proper requiring restitution.
5.  Where a lower court has not adjudged a corporation's officers to be in contempt, but has heard a motion made by the corporation, and has not based its denial of the motion on the ground of their being in contempt; the Supreme Court, on an application for a stay pending an appeal, will not consider the question of contempt.

SUIT by James Forrester and John MacGinniss against the Boston & Montana Consolidated Copper & Silver Mining Com-

pany and others.    There was a decree for plaintiffs, and defendants apply for a stay of proceedings pending appeal. Stay granted.

Statement of the case by the Court.

The Boston & Montana Consolidated Copper & Silver Mining Company, one of the defendants, prays this Court for an order that all proceedings under a certain order appealed from, made by the District Court of Silver Bow County, be set aside and suspended pending the hearing and until the final determination of this appeal, and that the receiver for the property of the defendant corporation be required to surrender possession of all the property of which he is in possession as receiver.    The petition refers to the appeal and decision in the injunction suit, decided by this Court in 21 Mont. 544; it sets forth that on December 15, 1898, the District Court of Silver Bow County upon an *ex parte* motion, and without notice to defendants, appointed a receiver of the Montana corporation and ordered the New York company to deliver all of its mining property to the said receiver.    The facts and history of this suit appear more fully in the application for a writ of *certiorari*, passed upon by this Court in *State ex rel. B. & M. Con. C. & S. Mining Co.* v. *District Court of Silver Bow County*, 22 Mont. 241, 56 Pac. Rep. 219, and 22 Mont. 376, 56 Pac. Rep. 281.    It is averred that on December 16, 1898, and during the pendency of the proceedings upon the writ of review which had been issued by this Court on February 23, 1899, the New York company turned over and delivered to the Montana company all the property of every kind which it had received from the Montana company, and then and there delivered to said company a deed of conveyance of all the real property which the Montana company had previously conveyed to it and a bill of sale of all the property in question.    It is averred that on February 23, 1899, defendants asked leave to file a supplemental answer setting up the facts of reconveyance and redelivery and alleging, in substance, that the intent of making the transfer had been wholly abandoned, and that

on the——day of February, 1899, the defendants also moved the District Court to vacate and set aside the order appointing the receiver and to discharge the said receiver; that the said motion to vacate the order appointing the receiver and to discharge him came on for hearing before the District Court on April 1, 1899, and on April 10th following the District Court overruled the motion; that on said day defendants appealed; that on April 8, 1899, the receiver took possession and control of the property of the Montana company, and is now in possession of the same and threatens to operate the property; that the receiver is not a mining engineer or a metallurgist, is unfamiliar with the management of mines or smelters, and that the change in the management of the property will be detrimental to its business and to the interests of the petitioner and its stockholders.   Further matters stated in the petition are sufficiently set forth in the opinion.

It is appropriate to include in this statement mention of the fact that by an act of the Legislative Assembly, which became a law on February 28, 1899, Sections 1722 and 1723 of Chapter I of Title XIII of Part II of the Code of Civil Procedure, relating to appeals to the Supreme Court, were amended, the particular matter necessary to be stated here being that the right of appeal was given by the new law ''from an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver.''   In the original sections of the Code referred to no provision was made for appeals in such cases.   The new law, in section 2 thereof, provided also that in any of the cases mentioned the Supreme Court, or a Judge thereof, may stay all proceedings under the order appealed from under such conditions as may seem proper.

*Wm. H. De Witt, Wm. Scallon, W. W. Dixon, Wm. Wallace, Jr., Carpenter & Carpenter,* and *Ransom Cooper,* for Appellants.

*J. J. McHatton, R. B. Smith,* and *Cullen, Day & Cullen,* for Respondents.

**PER CURIAM.**—Reserving to ourselves the right of elaborating our opinion hereafter, when the appeal is decided, we now outline our reasons for granting defendants' motion for a stay:

In the several phases of this important litigation which have been before this Court since the first decision herein (*Forrester & MacGinniss* v. *B. & M. C. C. & S. Mining Co.*, 21 Mont. 544, 55 Pac. 229), we have been closely confined in the scope of our examination by those limitations which restricted the inquiry of this Court upon prohibition and *certiorari* to the question of whether or not the lower court exceeded its jurisdiction and authority in the order appointing a receiver for the defendant corporation's property, and directing delivery of the possession thereof to such receiver.   Throughout those cases, and the motions thereunder, we have given to the elaborate and frequent arguments and briefs of the many distinguished counsel on the respective sides our undivided attention, moved by an earnest solicitude to reach correct legal results, to the end that the jurisprudence of the state, so far as it has been involved, might be settled, and remain under our action as fixed and stable as the eternal principles of truth which form its basis.   So it was that we steadily refused to depart in the slightest degree from the law, as we understood it, and as it has been expounded for generations by the decisions of courts of the highest character, and the comments of the most illustrious jurists, not only of old, but of the present day.

Finally the defendant Montana corporation has assented to the jurisdiction of the lower court, surrendering its property to the receiver; and, instead of longer seeking relief by invoking further extraordinary and original writs at the bar of this Court, it now stands in the attitude of an appellant, praying for a stay of proceedings by which its enormous property may not be suffered to remain for operation or management in a receiver's hands, at least until its appeal is heard and determined in this Court, and asking for a restitution of its property to its officers and agents until it may be otherwise ordered by this Court; and it announces that, if such stay and restitu-

ticn are granted, it is willing to accept any conditions which may be imposed by way of bond to fully indemnify plaintiffs against possible loss or damage.

This change in the remedy pursued carries with it an extension of the relief which may be granted. It opens for examination and for determination not alone the question of the power of the lower court, but it also authorizes us to decide whether that power has been wisely or unwisely exercised in making the order appealed from. It goes even further, in that it gives this Court at this time the clear right to grant a stay of proceedings under the order appealed from pending the determination of the appeal, and we are satisfied that, in order to make such a stay effective, this Court has full authority to make any order it thinks proper requiring the restitution of the property now possessed by the receiver to the corporation entitled *prima facie* thereto. (*Levy* v. *Goldberg*, 40 Wis. 308: *Hill* v. *Finnigan*, 54 Cal. 493.) To the argument that a stay including an order of restitution is equivalent to a decision that an appeal lies from the original order in the case appointing a receiver, from which an appeal does not lie in this instance, it is a complete answer to say that inasmuch as an appeal does lie, and is conceded to lie, under the Legislative Act of February 28, 1899, from the order made April 10, 1899, *refusing to vacate the order appointing a receiver*, the duty of the Court is to sustain this right of appeal, and effectuate the relief flowing therefrom. To do this the Court is obliged to go into an examination of what showing was made on the application to vacate the order, and to consider such showing, even though it involves a scrutiny of matters which were before the District Court when it made the original order appointing the receiver, although from that original order, made December 15, 1898, as the law then stood, there was and is no appeal. To hold otherwise would be to nullify the right of appeal from an order refusing to vacate an order appointing a receiver, by confining the investigation to conditions which may have arisen since the enactment of the law affording such remedy. This view would circumscribe the in-

vestigation within limitations not expressed or implied in any fair construction of the text of the new law, and might result in a positive inability to have a receiver discharged or dispossessed until an appeal in the principal suit could be finally heard and disposed of.   This would fritter away an important law by a narrow, technical construction, unwarranted by the letter and the true spirit of the statute.   We find no definitive line of time, on one side of which are the matters which can be considered on a motion to vacate an order appointing a receiver, and on the other those which cannot, and the Court will not undertake to fix such a one.  The Legislature could have done so, but it did not.  Hence we must regard the statute as authorizing an examination into everything back of the order of refusal, and upon which such order was based. The remedy by appeal from the order denying the motion to vacate the order appointing a receiver being clear, it matters not that a certain antecedent order is not appealable; for under the appealable order the Court must consider what is relevant, and relevancy is not affected by the fact that appeal from the antecedent order does or does not lie.

Now as to the merits on the *prima facie* showing, and to support this application for a stay:   Defendants, representing 149,800 out of 150,000 shares of stock of the corporation, ask that this corporation be taken from a receiver's hands. Their property is worth about $40,000,000 is paying large dividends, and is solvent in all respects; having upward of $1,000,000 in cash at present in its treasury.  By deed, *prima facie* sufficient, it was reinvested, before this motion to vacate the order refusing to discharge the receiver was made, with all its property which it theretofore, in April, 1898, illegally transferred to a New York corporation.   This reconveyance is *prima facie* an attempt to undo, and is an apparent undoing of, the wrong done to plaintiffs by the attempted transfer held *ultra vires* of the Montana corporation in *Forrester et al. v. B. & M. C. C. & S. Mining Co., supra.*  Moreover, the corporation has offered to make a full accounting before a court or referee for all ores mined, shipped and sold, and all moneys

received and disbursed on all accounts since the illegal transfer, and up to the present time.   It has also signified its willingness to allow the injunction restraining it from transferring its property to a foreign corporation to be made perpetual.   It likewise offers to suffer judgment against it cancelling the conveyances to the New York company, and declaring valid the reconveyance made.   Furthermore, it says, and makes *prima facie* showing to support the statement, that the management of the receiver appointed would not be as skilled as operation by its own servants, and would not result as advantageously to the many shareholders.   These matters, among others disclosed, impel us to the belief that there is no sufficient reason why this corporation's property, pending the decision on this appeal, should be kept longer from the possession of the corporation's agents, and under the control of the court, while, on the other hand, they constitute so strong a *prima facie* showing for suspending the authority of the receiver, and ordering him to turn over everything in his possession as receiver to the Montana company, that it now seems to be eminently right to order it to be done.

These orders for suspension and restitution are, by many well-considered cases, the proper ones to make in granting the stay.   (*State ex rel. Ry. Co.* v. *Hirzel*, 137 Mo. 435, 37 S. W. 921; *State* v. *Johnson*, 13 Fla. 33; *In re Moss Cigar Co.*, 50 La. Ann., 23 South. 544; *Buckley* v. *George*, 71 Miss. 580, 15 South. 46; *Farmers National Bank* v. *Backus*, 63 Minn. 115, 65 N. W. 255.)

It may be that upon final hearing the decision will be against this *prima facie* showing.   If so, the bond to be given will afford plaintiffs ample security, and the receiver can be reinvested with possession.

Courts will protect minority shareholders against fraud, or such gross mismanagement as amounts to fraud.   Still, the cases where receivers are appointed are exceptional; and never on a slight or unsubstantial showing should a court continue a receivership for a solvent corporation, which has apparently removed all necessity for the control of its property by the

court, and where every possible protection can be afforded a minority shareholder who feels aggrieved.

It would be an unjustifiable and unprecedented application of legal principles, if a single shareholder in a going and rich and dividend-paying corporation, whether mining, industrial, or commercial, could, contrary to the wishes of all other stockholders, oust the management of his company, tie up the property, and substitute for the regularly elected corporate authorities the equitable control of a court. We apprehend that, were such the law, courts would soon become business concerns for the execution of commercial affairs, rather than forums for the administration of law, while corporations would find their managers, not of their own regular selection, but those chosen by judges at the instance of a few dissatisfied stockholders.

But it is said the defendant's officers are in contempt, and are without the jurisdiction of the courts of Silver Bow county, and therefore the corporation is not in a position to be afforded relief on this application for a stay. Not so. The district court heard the motion to vacate the order appointing the receiver. It has not held defendant's officers in contempt, nor did it put its decision denying the motion on the ground of their being in contempt. If it had, different points might be presented. Certainly, until the lower court has decided that a contempt of its orders has been committed, we cannot presume the persons charged are guilty, and punish the corporation. If there are proceedings now pending in the lower court against the corporation or its officers for contempt, that court will dispose of them, and it is not for this Court to consider them here.

To conclude, in our judgment the stay should be granted, and full restitution made pending final determination of this appeal, and the receiver directed to take no further action with reference to the affairs, interests or property of said defendant Montana company, or any part thereof, upon that company's executing a bond in the sum of $250,000, with not less than two sureties, to be approved by the Clerk of this Court, in

effect conditioned to pay any and all damages accruing to plaintiffs as shareholders on account of the stay granted by this Court, and any and all disbursements or expenses made or incurred by the receiver, and for which the defendant Montana company may be finally adjudged to be liable, and any compensation to which the receiver may be entitled, and for which defendant may be held liable, and any and all costs that may be properly chargeable in any proceedings had in and about the receivership. The receiver should be retained pending this appeal, unless the District Court otherwise orders. Counsel are requested to draw and submit to us an order agreeable to this memorandum opinion.

*Stay granted.*