BOSTON & MONTANA CONSOL. COPPER & SILVER MINING CO., APPELLANT, *v.* MONTANA ORE PUR- CHASING CO., ET AL., RESPONDENTS.

[No. 1,395.]

[Submitted January 19, 1900. Decided April 30, 1900.]

*Receivers—Restraining Order—Dissolution— Capacity to Sue —Practice.*

1. A temporary restraining order granted on filing of complaint and affidavit, without notice to defendants, was properly vacated on motion, where the evidence showed that a receiver for the plaintiff had been theretofore appointed and had qualified in another case, since Code of Civil Procedure, Section 955, invests a receiver with power to sue in his own name, as receiver, and, in absence of a showing that such appointment was not in force, the affairs and property of plaintiff were in *custodia legis,* and plaintiff had no legal capacity to sue.

2. The appointment of a receiver for a corporation (when coupled with his due qualification) invests him with the right to sue in behalf of the corporation and suspends the capacity of the corporation to sue for the time being; if the receiver refuses to bring a necessary action, the proper practice requires an application to the court for an order directing him to institute the action.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

COMPLAINT by the Boston & Montana Consolidated Copper & Silver Mining Company against the Montana Ore Purchasing Company and others. From an order vacating a tempo- rary restraining order, the plaintiff appeals. Affirmed.

*Mr. Wm. H. De Witt* and *Messrs. Forbis & Evans,* for Appellant.

*Messrs. McHatton & Cotter, Messrs. Clayberg & Corbett, Mr. Chas. R. Leonard* and *Mr. Rob't B. Smith*, for Respondents.

PER CURIAM.—This is an appeal by the plaintiff from an order of the district court of Silver Bow county, entered on the 1st day of March, 1899, vacating a temporary restraining order of the previous day, which had been granted upon the filing of the complaint and an accompanying affidavit, and without notice to either of the defendants. The order of February 28th restrained the defendants from mining or extracting ores within certain parts of the Pennsylvania lode claim, title to which was asserted by the plaintiff to be in it, until a hearing was had of an order to show cause why an injunction pending the suit should not be granted. The defendant Montana Ore Purchasing Company applied for a vacation of the restraining order upon the ground that one Hinds was the duly appointed, qualified, and acting receiver of the plaintiff, and that, therefore, the plaintiff had no legal capacity to bring and maintain the action, all of its property, business, effects, and rights of action being vested in the receiver. In support of the motion was presented the affidavit of an attorney for the moving defendant, to the effect that the plaintiff was the same corporation of which Hinds was receiver under and by virtue of an appointment from the court below made in the case of *Forrester et al.* against *Boston & Montana Consolidated Copper & Silver Mining Company et al.* There were also presented in support of the motion the records of that court showing that on the 15th day of December, 1898, Hinds was duly appointed receiver for the plaintiff, and of all its business, property, and effects, the order of appointment containing the usual authority and directions in respect of bringing and maintaining actions and the like, and further showing that he qualified as such on the day of his appointment. Upon the evidence the court dissolved the restraining order issued on the 28th day of February, and it is of this dissolution that the plaintiff complains on this appeal.

Counsel concede that neither this Court nor the court below may take judicial notice of the proceedings in any other cause. We assume this concession to be correct, and hence we do not consider or determine whether plaintiff would have had the capacity to sue if, at the time the complaint was filed and the restraining order issued, the powers of the receiver were suspended, or the proceedings under the order appointing him stayed.

Looking only to the showing made, it does not appear that the district court abused its discretion in vacating the restraining order. For aught that was exhibited to the court, the order of December 15th, appointing the receiver, was in full force and operation. All the property of the plaintiff was intrusted to the receiver as the arm of the court; its property and affairs were in *custodia legis.* The receiver had the exclusive right to institute and maintain actions for the protection of the rights of the plaintiff in respect of its property. The appointment of the receiver (at least when coupled with his due qualification) suspended the capacity of the plaintiff to sue, and he succeeded to all rights of action which the plaintiff would have had but for the appointment. The order of December 15th, and Section 955 of the Code of Civil Procedure, invested the receiver with the right to sue in behalf of the corporation. The necessary effect of clothing the receiver with power to sue was to deprive the plaintiff, for the time being, of like power. We have been cited to no case or textbook announcing the contrary rule, and have been unable to find any; whenever the question here presented has arisen, the courts adhere, substantially, to the doctrine declared in *Davis* v. *Ladoga Creamery Co.*, 128 Ind. 222, 27 N. E. 494: "In response to the position assumed by the appellee, it must be said that the receiver, when appointed, succeeded to all the rights of the Ladoga Creamery Company, and he alone, under the orders of the court, could maintain an action for the enforcement of such rights. The right of the company to sue was suspended so long as there was an acting receiver." In Section 6900 of Thompson on Corporations, the learned au-

thor says:   "The necessary effect of the appointment of a receiver, unless the statute under which he is appointed, or the order appointing him, is restrictive, is to suspend all rights of action, of whatever description, on the part of the corporation; since the receiver, in a general receivership, whether it be what is called a receivership *pendente lite*, or a receivership for the purpose of winding up the corporation, is vested with the right to the custody of all the assets of the corporation of whatever description, for the purposes of the administration; and this necessarily includes every right of action, of whatever description, which is possessed by the corporation."

The plaintiff did not allege a refusal by the receiver to bring such an action as the one brought by the plaintiff, and, as suggested by counsel for the defendants, if the receiver had refused, the proper practice required an application to the court for an order directing him to institute an action; had the plaintiff made the propriety or necessity of bringing such an action appear to the court, and that the receiver had refused to commence it, the court would doubtless have compelled him to obey its order, or have removed him, and directed his successor, or perhaps permitted the plaintiff itself, to institute the action.    This, however, is a digression.

The order of March 1, 1899, is affirmed.

*Affirmed.*

Rehearing denied, May 29, 1900.