## BOSTON AND MONTANA CONSOLIDATED COPPER ·AND SILVER MINING COMPANY, Appellant, *v.* MONTANA ORE PURCHASING COMPANY et al., Respondents.

(No. 1,559.)

Submitted October 5, 1901.   Decided December 2, 1901.)

*Injunction Pendente Lite — Evidence — Judgment — Intent to Appeal.*

Where, in an action to restrain defendants from removing ore from a certain vein on a motion for injunction *pendente lite*, it is shown that in a prior action between the parties judgment is entered that defendants are owners of the vein and ore, the court may consider such judgment in determining such motion, though the time for appeal has not elapsed, and plaintiff intends to appeal therefrom.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by the Boston and Montana Consolidated Copper and Silver Mining Company against the Montana Ore Purchasing Company and others. From an order denying plaintiff's application for an injunction *pendente lite*, plaintiff appeals. Affirmed.

*Mr. Williaim H. DeWitt* and *Messrs. Forbis & Evans*, for Appellant.

The introduction in evidence of the pleadings and of the judgment and decree was plainly error. This judgment was made and entered February 14, 1900, and the hearing at which the same was introduced was had May 16, 1900, before the time for appeal from said judgment had expired, and until such time had passed, or the judgment satisfied, the said decree was of no force or effect and not admissible as evidence. Section 1895 of the Montana Code of Civil Procedure is as follows: "Section 1895. An action is deemed to be pending from the time of its commencement until its final determination on

appeal or until the time for the appeal has passed, unless the judgment is sooner satisfied." The obvious purpose of this statute is to give the litigant the full time, through which any case must pass until finally disposed of by the supreme court, in which to litigate the same, so that his rights may not be impaired or affected until he has an opportunity to have the higher court pass upon them. The justice and reason of the rule is apparent when we consider that if any other rule prevailed a party might obtain a judgment and although the losing party appeals from the same, could use the same judgment in bar of another action, that might be brought, and pending a reversal of the case upon appeal obtain the full fruits and advantage of his judgment. We think that no citation of authorities is necessary to convince the court that the purpose of Section 1895 is to suspend the judgment and to eliminate the same from the action pending the appeal or until the time for appeal has expired, unless the judgment has been acquiesced in or satisfied. The Supreme Court of California in construing an identical section (Section 1049 of California Code of Civil Procedure), has laid down the doctrine that during the time provided by said section such a judgment cannot be pleaded in bar of another action for the same cause, or introduced in evidence. (*Gilmore* v. *American Central Ins Co.,* 65 Cal. 63, 2 Pac. 882; *Naftzger* v. *Gregg,* 99 Cal. 83, 33 Pac. 757; *Harris* v. *Barnhart,* 97 Cal. 546, 32 Pac. 589; *Brown* v. *Campbell,* 100 Cal. 636, 35 Pac. 433; *Estate of Blythe,* 99 Cal. 472, 34 Pac. 108; *Story* v. *Story & Isham C. Co.,* 100 Cal. 41, 34 Pac. 675.) It is true that our Montana Supreme Court laid down a different rule in *Fredericks* v. *Clark,* 3 Mont. 261, but at the time the decision was rendered we had no statutory provision similar to Section 1895, above referred to.

Therefore we submit that in treating said judgment as a bar to the plaintiff's rights in this action the court erred.

But respondents may contend that, although pleaded in bar, that the said pleadings were admissible in evidence upon the theory of a plea in abatement to the effect that it showed an-

other action pending at the time this suit was brought, but we submit that the showing falls short in every particular of the facts necessary to support such a plea. In the first place, the parties to the said action are not the same as the parties in the case at bar. The authorities are unanimous, we think, to support the proposition that in another action pending the parties must be substantially identical. (See Ency. Plead. & Practice, Vol. I, page 757, and numerous cases cited; *Calaveras Co.* v. *Brocklay,* 30 Cal. 325; *Kerns* v. *McKean,* 65 Cal. 416, 4 Pac. 404.) The foundation upon which this defense of another action pending rests is the abhorrence which the law entertains for a multiplicity of actions. The law does not permit a party to prosecute two actions for the same cause at the same time, because the second suit is not only unnecessary so far as the enforcement of his rights is concerned but annoys and harrasses the defendant without cause. The reason of this rule can have no application except where the plaintiff in both actions is the same person, and the rule can have no application where the plaintiff in one suit is the defendant in the other. (Ency. of Plead. & Practice, Vol. I, page 758 and cases; *O'Connor* v. *Blake,* 27 Cal. 313; *Ayres* v. *Beresley,* 32 Cal 620; *Felch* v. *Beaudry,* 40 Cal. 439; *Walworth* v. *Johnston,* 41 Cal. 61; *Lindsay* v. *Stewart,* 72 Cal. 540, 4 Pac. 516; *Monroe* v. *Reid,* 64 N. W. 983; *Washburn, etc. Manufacturing Co.* v. *Scott,* 22 Fed. Rep. 710.) In the second place, to support such a plea the causes of action in the two suits must be the same. (Ency. Plead. & Practice, Vol. I, page 761 and cases cited; *Thompson* v. *Lyon,* 14 Cal. 39; *Martin* v. *Spivalo,* 69 Cal. 611; *Larco* v. *Clements,* 36 Cal. 132; *Coburn* v. *Pacific Lumber Co.,* 46 Cal. 32.) An examination of the pleadings in said action 7,337, and in this cause, will show the court that the causes of action upon which the same are based are in no wise similar. Under any view of the case we certainly are at a loss to understand how the pendency of action 7,337, for damages for trespass, and to quiet title to veins alleged to belong to plaintiff, can affect the appellant's right to bring action against

defendants for joint trespasses committed by them on appellant's premises almost a year after the first suit was brought, and there is certainly no authority for such a position. (*Carpenter* v. *Hewell,* 67 Cal. 589, 8 Pac. 314; *Sharon* v. *Hill,* 22 Fed. 28; *Osborne* v. *Cloud,* 92 Am. Dec. 413.)

*Messrs. McHatton & Cotter* and *Messrs. Toole & Bach,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal by the plaintiff from the order of the district court of the Second judicial district, made May 16, 1900, denying an injunction *pendente lite.* The action was commenced February 28, 1898, by appellant, who alleged that defendants trespassed upon certain portions of the Pennsylvania lode claim, extracted ore of the reasonable value of $50,000, and would continue to trespass unless enjoined. Answer was filed admitting entry beneath the surface of said claims and extraction of ore, but setting up ownership of the ore because of ownership in veins apexing in adjoining claims and dipping under the Pennsylvania claim's surface. Replication was filed denying the affirmative allegations of the answer. A supplemental answer was filed, showing that since the beginning of this suit the said district court, in an action wherein the Montana Ore Purchasing Company was plaintiff against appellant, as defendant, had, on February 14, 1900, decreed that the property in dispute in this action was the property of the plaintiff Montana Ore Purchasing Company, one of the defendants herein, said cause being numbered in said district court 7,337. The respondent Montana Ore Purchasing Company produced affidavits upon the hearing in the district court of the case at bar to show the identity of the property, and prayed the court below to deny the injunction, in its discretion, upon the showing that the court had declared the respondent Montana Ore Purchasing Company to be the owner of the property upon

which appellant declared trespass had been committed by the respondents. The court granted the prayer and denied the injunction.

It is not claimed that plaintiff has acquired any, title to the property in dispute which it did not have at the time of the decree aforesaid in said cause numbered 7,337. Nor is it contended that the title of defendant Montana Ore Purchasing Company, which was decreed as in it, was in any wise changed or altered after said decree was entered, or that any right of possession in it to the property was changed or altered after the decree.

Testimony in the form of the pleadings in cause 7,337, affidavits and oral testimony was, over the objection of the plaintiff, introduced to support the points relied upon by defendants, and to show the identity of the property. The court, upon the objection of defendants, refused to admit the affidavits of certain parties offered on behalf of plaintiff, showing that appellant had not acquiesced in or satisfied the judgment in cause 7,337, and that appellant was using diligence to present a motion for a new trial and to perfect its appeal from the judgment in cause 7,337. Testimony was offered by plaintiff to rebut ownership of the ores in question in defendants, or any of them; but the court refused to admit it. These refusals, as well as the admission of the evidence offered by defendants, the plaintiff assigns as error.

There is only one question in this cause which need be considered. The determination of that will determine the matter of this appeal.

The defendant in cause 7,337 having appealed, and the appeal still being undetermined in the supreme court, and the judgment therein not having been satisfied, was the judgment suspended for all purposes, not only in bar of another action, but also so suspended that, upon a hearing upon an order to show cause why an injunction *pendente lite,* in another action affecting the same property and the same parties, should not issue, the court could not consider it as affecting sound discre-

tion in granting or refusing such injunction? Numerous authorities have been cited by appellant to support its contention that such a judgment, not yet final (except in the sense that it is a final judgment from which appeal lies), is a bar to another action; but we do not consider that the introduction of such a judgment, under such circumstances as those herein shown, is for the purpose of a bar, but only as evidence going to the discretion of the court or judge in determining, on hearing, whether it or he will permit the property in the then suit to be carried off or destroyed pending the action in which, perhaps, the judgment may or may not be a bar, as may be afterwards determined.

In *Naftzger* v. *Gregg,* 99 Cal. 83, 33 Pac. 757, 37 Am. St. Rep. 23, one of the cases cited by appellant,—referring to Section 1049 of the Code of Civil Procedure of California (Section 1895, Code of Civil Procedure of Montana), where the court holds the judgment not a bar in a subsequent suit affecting the same property between the same parties, in a concurring opinion Justices Harrison and Patterson were of the opinion that the judgment might be introduced as evidence, saying that Section 1049 of the California Code of Civil Procedure was not intended to prescribe a rule of evidence, but to determine the condition of an action after judgment has been rendered, and, inferentially, the effect of the judgment; and they go further, and say that there are many cases in which a judgment is admissible in evidence at any time after its entry.

Our view that the introduction of the judgment roll (in cause 7,337) and the introduction of evidence to show the identity of the property at the hearing of the motion to show cause why an injunction *pendente lite* should not issue was not error, is further supported by a very well considered opinion in *Smith* v. *Smith,* 134 Cal. 117, 66 Pac. 81, wherein a deed was erroneously excluded from evidence, the validity of the conveyance resting upon a judgment from which an appeal was pending. The court held that the introduction of the deed in no wise would tend to enforce the judgment which was suspended by the appeal.

Why could not the fact, when brought to the attention of the court below, that it had decreed the property as not in anywise belonging to the plaintiff, be considered by it in passing upon the order to show cause why plaintiff and appellant should not have an injunction *pendente lite* against the defendants in the action, and be regarded in its sound discretion as a sufficient reason why the injunction should be denied? On principle or authority we cannot see how a court should be held to have abused its discretion in saying that, whereas it had decreed the property or right of possession not to be in the plaintiff, but in the defendant Montana Ore Purchasing Company, it refused to enjoin the defendants from entering upon or using the same. This would not be passing upon the merits of the case, which is, as appears from the record, still pending in the district court.

That the judgment in cause 7,337, now on appeal, would or would not be a bar to the action wherein the injunction *pendente lite* was granted, we are not called upon now to decide. Suffice it that we hold that there was no abuse of discretion in the refusing of the injunction *pendente lite,* or error in admitting the said judgment and proof offered by defendants in evidence, or in refusing to admit the offered testimony as to the pendency of the appeal in cause 7,337, as the latter was immaterial in the matter of the hearing on the order to show cause why an injunction *pendente lite* should not issue.

There seems, from the briefs and argument, to be no question but what the property in dispute was the same in cause 7,337 and in the matter on appeal.

The order denying the injunction *pendente lite* is affirmed.

*Affirmed.*