BOUCHER, RESPONDENT, *v.* BARSALOU ET AL., APPELLANTS.

(No. 1,411.)

(Submitted May 5, 1902. Decided July 14, 1902.)

*Appeal — Presumptions — Evidence—Judgment Roll—Res Judicata.*

1.   Where the record on appeal showed that on the overruling of objections to the admission in evidence of the judgment roll in a former action the judge, without objection, directed the stenographer to enter a statement that it had been admitted that an appeal from the judgment was pending, it will be presumed, on appeal in the action in which the judgment roll was introduced, that the fact of the pending appeal sufficiently appeared to the court.
2.   Where a judgment for the ownership of the property was rendered for plaintiff in an action of forcible entry and detainer, and an appeal taken, that judgment was not admissible to show plaintiff's ownership in a subsequent action in ejectment by the plaintiff in the forcible entry and detainer action against the defendant therein pending the appeal in the former action.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Frank Boucher against Joseph Barsalou and another. From a judgment for plaintiff, defendants appeal. Reversed.

*Mr. W. J. Naughten,* and *Mr. Robt. McBride,* for Appellants.

*Messrs. McHatton & Cotter,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

In April, 1898, there was tried in the district court of Silver Bow county an action wherein Frank Boucher, respondent herein, was plaintiff, and Joseph Barsalou, appellant herein, was defendant. The action was under the forcible entry and detainer act to recover possession of the same property in question in the suit now before us on appeal. It resulted in a judgment in favor of the plaintiff, Boucher, and against the defendant, Barsalou, for the *ownership* of the property. From this judgment Barsalou appealed, and the appeal was pending undetermined in this court at the time of the trial and determination in the district court of the suit now before us. The present action is one in ejectment. It is not necessary to make a full statement of the case as tried and heard in the court below.

Upon the trial the plaintiff offered in evidence the judgment roll in the first mentioned case, to the introduction of which the defendants objected, giving as their reason that the court would take judicial notice of the fact that an appeal had been taken to the supreme court, and that the said case was then pending in that court wholly undetermined, and that that appeal annulled or superseded the effect of the said judgment roll for any purpose whatever, either as an estoppel or otherwise, and that, therefore, it was incompetent, irrelevant and immaterial for any purpose. The court overruled the objection, and admitted the judgment roll in evidence. The appellants complain of this admission as error. Judgment was rendered and entered for plaintiff. Respondent contends that, inasmuch as the trial court

could not take judicial notice of the contents of its records in former actions and proceedings, and the judgment being final as to that court, if appellants were desirous of relying upon an appeal and *supersedeas* it was incumbent upon them to prove the appeal by the records in the cause.

Examining the duly certified record on appeal we find that it is unnecessary for us to consider this last point for the reason that we discover that the court at the time of the ruling upon the objection which was made to the admission of the judgment roll, directed the court stenographer to enter in the record a statement that it had been admitted, in connection with the said judgment roll, that the action had been appealed to the supreme court, and that it had not yet been decided by that court. Such appeal was taken in time. There is not anything in the record contradicting, or showing that counsel for plaintiff and respondent in anywise disavowed or attempted to disavow this statement of fact thus put in the record. The record must therefore be taken as true. It is not unusual for the court, in presence of counsel for all parties, in order to expedite the trial, to direct the reporter to make a note, in the presence of the court during the trial, to the effect that such and such a material matter is admitted as proven. The presumption is that the statement of the court thus made is true. Hence we must assume that it sufficiently appeared to the court at the time that the said cause first referred to was at that particular time pending on appeal and undetermined in the supreme court. It is apparent also that the only purpose for which this judgment roll was offered in evidence by the plaintiff was to show that all questions respecting the ownership of the said property had been tried and determined in favor of the plaintiff, Boucher, in the first suit, and were no longer open to contention. In other words, the sole purpose was for estoppel, and to enforce the judgment, and for this purpose it is clear that it was not admissible. While it cannot be successfully maintained, considering Section 1895 of the Code of Civil Procedure, that the judgment roll in a certain cause cannot be introduced in evidence in another cause for some purposes (*Boston & M. Consol. Copper & Silver Min.*

*Co.* v. *Montana Ore Purchasing Co.,* 26 Mont. 146, 66 Pac. 752; *Smith* v. *Smith,* 134 Cal. 117, 66 Pac. 81), it must be held that an action is deemed to be pending until its final determination upon appeal, or until the time for appeal is past, unless the judgment is sooner satisfied; and that such judgment roll should not be admitted in such other cause if such admission is for the purpose of enforcing the judgment which appears in the judgment roll so admitted.

We have found no case which more carefully and conclusively demonstrates this to be the law than the case of *Smith* v. *Smith, supra,* and the cases cited therein.

Perhaps the judgment might have been admissible in the case before us for the purpose of procuring a continuance until after the determination of the first appeal in this court, but such introduction for such purpose would only be made by the defendants. The matter we are considering is the introduction of the roll in evidence by the plaintiff, who obtained the said judgment in the first case; and, as we have said, the only purpose of its introduction was to enforce the judgment obtained in the unlawful detainer case, and to prevent the introduction of evidence by the defendants supporting their equitable defense. We realize the difficulties surrounding the question, but consider that the safest and best rule is the one that we adopt. Otherwise the plaintiff might prevail, and obtain a judgment in the second suit, based upon a judgment obtained in a formerly determined suit, and then the judgment in the first suit might be reversed in the supreme court on appeal; thus he would have a valid judgment in the second suit based upon a judgment which did not exist. *Obiter:* to illustrate, it may be said that, although we do not in this case take judicial notice of the fact, we find by examination of the records of the appeal of the case first mentioned herein that the judgment of the court below was in fact reversed. (*Boucher* v. *Barsalou,* 24 Mont. 242, 61 Pac. 1134.)

It is unnecessary to consider the other alleged errors of the court assigned by appellants.

Respondent has moved the court to allow an amendment to

the transcript on appeal by inserting as part of the judgment roll as introduced in evidence as heretofore mentioned a copy of the original complaint which was filed in the justice's court and amended in the district court; also by inserting a copy of the notice of appeal in the cause last referred to. Although we consider the insertion of these papers as unimportant, we have before the determination herein allowed them to be added. Reversed and remanded.

*Reversed and remanded.*

Rehearing denied August 2, 1902.