BOSTON & MONTANA CONSOLIDATED COPPER &
SILVER MINING COMPANY, Appellant, *v.*
MONTANA ORE PURCHASING COM-
PANY et al., Respondents.

(No. 1,756.)

(Submitted January 6, 1903.   Decided February 12, 1903.)

*Appeal from an Order Denying an Injunction—Finding on Contradictory Evidence—Law of the Case—Corporations—*

*Appointment of Receiver—Stay of Proceedings—Power to Bring Action.*

1. The supreme court, upon an appeal from an order denying an injunction, will not reverse the order as being an abuse of discretion, where the finding of fact upon which the order rests is based on conflicting evidence, there being some evidence tending to support such finding.
2. The decision of the supreme court upon a former appeal is binding only upon points necessary to the determination of the cause as then presented.
3. Where an appeal from an order vacating a restraining order in a trespass case was decided on the *ex parte* showing of defendant that a receiver had been appointed for the plaintiff corporation, such decision did not become the law of the case so as to preclude a decision that the plaintiff might prosecute the action, when other material facts in regard the receivership were made to appear in subsequent proceedings.
4. Where a receiver was appointed for a corporation, but a stay was granted pending a hearing in the supreme court, the corporation had full power to bring suit until the receiver took possession, and after his discharge to prosecute to completion an action so commenced during the stay.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

Action by the Boston & Montana Consolidated Copper & Silver Mining Company against the Montana Ore Purchasing Company and others. From an order denying an injunction, plaintiff appeals. Affirmed.

*Messrs. Forbis & Evans*, for Appellant.

*Messrs. McHatton & Cotter*, for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was commenced on February 28, 1899. Through inadvertence the date is given in the opinion on a former appeal (26 Mont. 146, 66 Pac. 752) as February 28, 1898. Its purpose is to recover damages for trespasses alleged to have been committed by defendant on certain portions of the Pennsylvania claim. A second cause of action is added, containing allegations showing a continued trespass tending to destroy the value of the estate, and, as equitable relief, an injunction is asked pending the action.

The cause has been before this court twice heretofore upon appeal. In each instance the action of the district court was affirmed. (24 Mont. 142, 60 Pac. 990; 26 Mont. 146, 66 Pac. 752.) The first appeal was from an order vacating a temporary restraining order. It was held upon that appeal that the district court did not err in dissolving the order, it being made to appear that a receiver for the plaintiff had theretofore been appointed in another cause, who had qualified; and it following from such showing that the plaintiff had no capacity to sue, but that the right of action, if any existed, was, by the fact of appointment and qualification of the receiver, vested in him under Section 955 of the Code of Civil Procedure. At the time the district court dissolved the restraining order it retained the order to show cause, made at the time the restraining order was issued. Thereafter, on May 16, 1900, after a hearing was had in pursuance of the order to show cause, an injunction was denied. From this order an appeal was prosecuted to this court. This order was also affirmed. (26 Mont. 146, 66 Pac. 752.) It was held that it was within the discretion of the district court to deny the injunction, it being made to appear that the defendant had in another case, wherein it was plaintiff, and the plaintiff in this cause the defendant, being adjudged to be the owner of the ore bodies in controversy. The cause in which the adjudication had been made is referred to in the opinion as cause No. 7,337 of the district court files. It was at that time pending in this court upon appeal from the judgment and an order denying a new trial. Since that time this court affirmed the order denying a new trial, and also the judgment, with certain modifications. (*Montana Ore Purchasing Co.* v. *Boston & Montana Con. Copper & Silver Mining Co.,* 27 Mont. 288, 70 Pac. 1114.) In the meantime, after this cause was remanded to the district court, two applications were made there for injunctions to restrain defendant from extracting ores from veins within the claim designated as veins Nos. 2 and 7. One of these applications was made on November 27, 1900, and the other on April 13, 1901. An order to show cause and a restraining order was issued in each instance. Finally, a hearing was had

under these orders on May 15, 1901, the hearing being treated as a single application, with the result that on October 12, 1901, the injunction was denied. The present appeal is from this order.

1. It will be noted that the principal contention in *Boston & Montana Con. C. & S. M. Co.* v. *Montana Ore Pur. Co.,* 26 Mont. 146, 66 Pac. 752, was as to the admissibility of the judgment in cause No. 7,337 as evidence upon the application for the injunction. The principal contention at the hearing, at the termination of which the order now complained of was made, was upon the question of fact whether the ownership of the veins now in controversy was within the issues in cause 7,337, and was adjudicated under the decree rendered therein. The plaintiff insists that the evidence shows them to be wholly separate and distinct veins from the ones described in the decree. We have examined the evidence on this point, and find that it is conflicting; so that we cannot say that the district court was guilty of an abuse of discretion in refusing the injunction. That court heard the evidence, and made its finding thereon, and this finding must be held to be conclusive upon this court for the purpose of this appeal, there being some evidence tending to show that the ore bodies in controversy are a part of the vein already declared to belong to the defendant.

2. Several errors are assigned by the plaintiff upon the admission and exclusion of evidence during the hearing in the district court. We have carefully examined them all, and find that they are without merit.

3. These remarks dispose of this appeal; but another question is presented, which requires a decision, inasmuch as it will arise at the hearing upon the merits. At the time the action was commenced, as has been stated, a receiver for the plaintiff corporation had been appointed by the district court of Silver Bow county in a cause entitled *"Forrester and MacGinniss* v. *Boston & Montana Con. C. & S. M. Co. et al."* The order of appointment was made on December 15, 1898. On December 16th, and after the receiver had qualified, but before he had taken possession of the plaintiff's property, an application was

made to this court for a writ of review to annul the order.
Pending the hearing in this court proceedings under the order
were stayed. On February 27, 1899, the order was affirmed
(*State ex rel. Boston & Montana Consol. C. & S. Mining Co.
et al.* v. *Second Judicial Dist. Ct.*, 22 Mont. 241, 56 Pac. 281),
but upon application to this court the stay was further extended
until March 14, 1900. Counsel for defendant contend that
from and after the date of the order appointing a receiver the
plaintiff had no capacity to bring an action in relation to its
property, since the power to manage and control it, as well as
the duty to protect it, was vested exclusively in the receiver,
and that, therefore, this action, brought while the order of ap-
pointment was in force, cannot be maintained, though the order
was afterwards stayed, and finally vacated on appeal by this
court. (*Forrester and MacGinniss* v. *Boston & Montana Con.
C. & S. M. Co.*, 22 Mont. 430, 56 Pac. 868, and *Id.*, 24 Mont.
148, 60 Pac. 1088, 61 Pac. 309.) Counsel rely upon the de-
cision on the former appeal in this case (*Boston & Montana
Con. C. & S. M. Co.* v. *Montana Ore Pur. Co.*, 24 Mont. 142,
60 Pac. 990), and insist that the declaration then made became
the law of the case. That appeal was from an order vacating a
restraining order made without notice, and upon an *ex parte*
showing by the defendant, in which it was made to appear that
the receiver had been appointed, and that the order was still in
force. It did not appear that at the time the action was brought
the powers of the receiver had been suspended, nor that they
were still suspended at the date the hearing was had. At the
hearing when the order was made from which the present appeal
was taken, all the facts were made to appear, and they are em-
bodied in the record. The decision upon the former appeal was
not based upon the facts as they actually existed, nor had the
plaintiff any opportunity to be heard, or to present the facts.
Under these circumstances, to hold that decision to be the
law of the case, and the plaintiff bound by it, would be in vio-
lation of the rule announced by this court that the decision upon
a former appeal is binding only upon points necessary to the
determination of the cause as then presented. (*Wastl* v. *M. U.*

*Ry. Co.,* 24 Mont. 159, 61 Pac. 9, and cases cited.) From this point of view the former decision is not the law of the case as now presented, for the facts as they were shown to exist upon a full hearing of both parties are now presented for the first time. In our opinion the order of appointment became effective to devest the plaintiff of the power to bring actions necessary to protect its property from spoliation at the expiration of the stay granted by this court in the *certiorari* proceeding when the receiver assumed possession of the property. The plaintiff had the right to resist the making of the order, including the right of presenting it to this court for review; and, as a stay was granted pending the final determination of the questions involved, the stay including the time at which the action was brought, the action was properly brought by it, and could be maintained by it in its own name until the receiver took possession of the property in the regular discharge of his duties; and, after the receiver was discharged, its right would revive to prosecute the action to judgment. Until the agent appointed by the court took possession of the property, and the duty was cast upon him to care for it, and bring all suits necessary for its protection, the plaintiff was not devested of that right; otherwise, during the time when the order of appointment was stayed, the property was subject to waste and destruction, there being no person empowered to care for it. Until that time the authority of the plaintiff extended to the proper management of its business, the employment of counsel for the prosecution of suits to enforce its rights and to protect its property. A receiver has no authority whatever until he has qualified and assumed the discharge of the duties of his office under the order of the court. "When the order appointing him is stayed by an appeal and *supersedeas,* the property will not be deemed in the custody of the law until actually reduced to possession by the receiver after the affirmance of his appointment upon the appeal, until which time it remains in the custody of the original defendant, who is authorized to make necessary contracts for its preservation and for the protection of his rights." (High, Receivers, Sec. 136; *Cook* v. *Cole,* 55 Iowa, 70, 7 N. W. 419.)

The bringing of actions to protect the property is just as necessary as the making of contracts, or the doing of any other act required by the exigencies of the business, which does not have for its purpose an evasion of the order of appointment. It does not matter whether the suspension of the powers of the receiver are by means of a *supersedeas* pending appeal or an order staying proceedings pending any other mode of review.

The order is affirmed.

*Affirmed.*