RUMNEY ET AL., RESPONDENTS, *v.* DONOVAN, APPELLANT.

(No. 1,920.)

(Submitted April 13, 1903.    Decided April 27, 1903.)

*Receivers—Order of Appointment—Appeal — Supersedeas—*
*Return of Property—Contempt.*

1. Under the express provisions of Session Laws of 1899, p. 146, an *ex parte* order appointing a receiver is appealable.
2. An order of the supreme court staying proceedings under an order appointing a receiver requires the immediate return of the property to the person from whom it was taken.
3. Where, after an order of the supreme court staying proceedings under an order appointing a receiver, the receiver, in good faith and under advice of counsel, did not return the property to the person from whom it was taken, the question of whether or not the order staying proceedings operated to require such a return being previously unlitigated, the receiver was guilty of merely a technical contempt, and should be required to pay only a nominal fine.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

ACTION by Sarah F. Rumney, individually and as a guardian, against James Donovan, in which William T. Luddy was appointed receiver of certain property.. Defendant appeals. On hearing of an order to show cause why the receiver should not be punished for contempt of court for failure to return the property to defendant after entry of an order suspending the order of appointment. Receiver adjudged guilty of contempt.

*Mr. F. W. Mettler,* for Appellant.

*Mr. M. S. Gunn, and Mr. A. J. Galen,* for Respondents.

*Messrs. McConnell & McConnell,* for the Receiver.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court on February 13, 1903, by the plaintiffs, to foreclose an alleged vendor's lien upon certain personal property. In addition to this, the prayer of the complaint was that a receiver be appointed to take possession of such property. Upon application *ex parte,* the court on the same day appointed Wm. T. Luddy receiver, and directed him to take immediate possession of the property in controversy, consisting of certain stock cattle. From the order appointing the receiver the defendant Donovan appealed to this court, and upon his application an order was made by the justices of this court on February 14, 1903, staying all proceedings in the district court until the further order of this court, and particularly staying all proceedings under the order appointing such receiver. This order was made to be effective upon the appellant, Donovan, giving a sufficient undertaking, to be approved by the clerk of this court. Such an undertaking was approved and filed by the clerk on February 18, 1903.

On March 20, 1903, the respondents filed a motion to dismiss

the appeal on the ground that the order appointing the receiver, made *ex parte,* is not an appealable order.   This motion was heard, considered, and denied by this court on the 30th day of March, 1903.   On March 28th an application was made to vacate the order staying proceedings upon the ground that the order appealed from is not an appealable order, and because of certain defects in the record on appeal.   On the same day an application was made by appellant to this court for an order directed to the receiver, requiring him to show cause, if any he had, why he should not be punished for contempt for refusing to return to the possession of the appellant the property in controversy, then in the possession of such receiver.   The application was made upon affidavits setting forth the facts herein detailed, and the fact that, after filing the stay bond required of him by this court, appellant demanded the return of such property from the receiver, and the refusal of the receiver to comply therewith.   An order to show cause was issued, and upon return thereof the cause was argued and submitted.   The affidavit of the receiver, filed in answer to the order to show cause, raises no material issue of fact; and the only questions before this court for determination are whether the order made by this court staying proceedings in the lower court should be vacated, and whether such order operated, *ipso facto,* to require of the receiver a return of the property to the possession of the appellant, from whom it was taken.

1.   Upon the first proposition we may say that, upon the motion to dismiss the appeal herein, this court considered the same matters as are now contended for upon this motion, and in refusing to dismiss the appeal we held that the order appointing the receiver, though made *ex parte,* was an appealable order, under Section 1722 of the Code of Civil Procedure, as amended by an act of the Sixth legislative assembly approved February 28, 1899 (Session Laws of 1899, p. 146), which provides:   "An appeal may be taken to the supreme court from a district court in the following cases.   *   *   *   (2)   *   *   * From an order appointing or refusing to appoint a receiver."

That decision became the law of this case upon that question, and we reiterate it now. Authorities have been cited in support of respondents' contention that no appeal lies from an order made *ex parte* appointing a receiver, but those decisions are by courts from states having different statutory provisions from ours, or from states whose statutes have not been called to our attention To give to Section 1722 the construction asked for is to read into its language qualifying provisions not contemplated by the framers of the law. This we cannot do. The section gives the right of appeal from every order appointing a receiver, and that, too, in plain and explicit terms, which are not susceptible of a construction which would limit materially their operations. Upon suggestion of diminution of the record, the apparent defects in that regard have been cured.

2. Did the *supersedeas* operate, *ipso facto,* to require the receiver to return the property? We are of the opinion that it did. The effect of the stay was to suspend the operations of the order appointing the receiver. From the moment it became effective there was nothing which he could do under the order appointing him. His hands were stayed, so far as carrying out the order of the district court was concerned. That order required him to take immediate possession of the property, and when that order was suspended by the *supersedeas* the right of the receiver to retain such possession, as against the party from whom possession was obtained, ceased. "Where an appeal is taken from an order appointing a receiver, pending a determination of which a *supersedeas* is ordered or granted, the functions, powers, and duties of the receiver are thereby suspended." (23 Am. & Eng. Ency. of Law (2d Ed.), 1127; *Boston & Montana Consol. C. & S. M. Co.,* v. *Montana Ore Purchasing Co. et al.,* 27 Mont. 431, 71 Pac. 471.) In *State ex rel. Railroad Co.* v. *Hirzel, Judge,* 137 Mo. 435, 37 S. W. 921, it was said: "We are obliged to hold that he (the judge) was in error in not requiring the receiver to let go when the appeal bond was approved and the appeal perfected. .* * *. So the approval of the bond in the Spencer case operated to stay all proceedings

to enforce the receivership order; and, as incident to that stay, it had likewise the effect to release the property to the party from whom it had been taken by reason of the order of appointment of the receiver." *Farmers' Nat'l Bank* v. *Backus,* 63 Minn. 115, 65 N. W. 255, was a case wherein the receiver had taken possession before the appeal was perfected. Said the court: "The *supersedeas* does not undo or render nugatory any action of the receiver already had under the order before the appeal was taken and the bond duly filed, but it terminates the right of the lower court and its officer from further acting in the matter. It suspends the operation of the order, or, as has been said, 'paralyzes' the arm of the receiver. His authority to proceed is absolutely stayed and suspended by operation of law. The rights and powers of the receiver being suspended, of which he was duly notified, he should have restored possession of the premises to the appellant; for, his authority to take being inoperative by the suspension, his authority to hold was equally so, both being derived from the same order. The legal effect of the appeal and *supersedeas* was to withdraw from the receiver the right to the possession of the property, and vest that right in the party from whom it had been taken." (*State* v. *Johnson,* 13 Fla. 33; *Continental N. B. & L. Ass'n* v. *Scott,* 41 Fla. 421, 26 South. 726.) There is nothing in the language used by this court in *Forrester & MacGinniss* v. *Boston & Montana Consol. C. & S. M. Co.,* 22 Mont. 430, 56 Pac. 868, in conflict with the views herein expressed. The application for an order vacating the order staying proceedings is denied.

Inasmuch, however, as the receiver apparently acted in perfect good faith, under advice of counsel, and with reference to a question not heretofore passed upon in this jurisdiction, and upon this hearing manifested a disposition to cheerfully comply with the order of this court, we deem the contempt committed a technical one, and are not disposed to impose any hardship upon the receiver.

The order of this court is that the receiver, Wm. T. Luddy,

be, and he is hereby, adjudged guilty of contempt of this court, and his punishment fixed at a fine of $1—the amount of the costs incurred in this proceeding.