FORRESTER and MacGINNISS, Plaintiffs; THOMAS R. HINDS, Respondent, *v.* BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY et al., Appellants.

(No. 1,697.)

(Submitted April 30, 1904.   Decided March 18, 1905.)

On Motion for Rehearing.

Motion denied.   For original opinion, see 30 Mont. 181.

*Receivers—Compensation—For What Period—Law of the Case.*

1.   Where a receiver's appointment was valid, and the supreme court on a former appeal held that he should be retained pending the appeal, unless the district court otherwise ordered, and, in ordering the discharge of the receiver, reversed the order of appointment without prejudice to the receiver's right to be reimbursed out of the trust estate for any amounts he may have properly expended or become liable to pay, and to be compensated for his services, such decision constituted the law of the case, and entitled the receiver to payment for services for the time he was actually engaged in efforts to obey the directions of the district court, when not stayed by the supreme court, and for services when actually in possession of the property, together with a nominal amount for the time during which his efforts were stayed, and for the time he was in office after he turned the property back to the owners, notwithstanding he should have been discharged on a former date, when defendant offered in writing to comply with plaintiff's demands in the suit in which the receiver was appointed.

MR. JUSTICE MILBURN delivered the opinion of the court.

This case has come before us on motion for rehearing, the former opinion appearing in 30 Mont. 181, 76 Pac. 2.

After consideration of the motion for rehearing the same is denied, a rehearing not being necessary. But of our own motion we have taken the case up for reconsideration, and we have concluded that the decision and opinion rendered after the original hearing, and referred to above, should be modified. The only point in the motion for rehearing worthy of consideration is that made as to the compensation of the receiver.

In the former opinion we said: "Inasmuch as the receiver should have been, in justice, discharged certainly as early as April 5, 1898 [1899], when the defendants offered, in writing, to do the very things that the plaintiffs prayed to have done by decree of court, we hold that he may be compensated in a reasonable sum for services rendered by him prior to said last-mentioned date, and be reimbursed for all proper and reasonable expenses incurred prior thereto, and that he receive nothing and be allowed nothing for any services or expenses alleged to have been rendered or incurred after that date out of the property of the defendants, excepting, possibly, a reasonable sum for the services of a bookkeeper aiding in rendition of accounts to the court." After further consultation, we conclude that the position of the receiver is correct in part. As he says, and as we say in the first opinion herein, the appointment of the receiver was, in 1900, held by this court to be valid. He was lawfully and properly appointed. If the defendants had not done the things complained of by the plaintiffs, then the receiver would not have been asked for, and any action of the court would not have been needed. The receiver entered upon the performance of his duties on December 15, 1898, and was such officer of the court until this court, on June 8, 1900, reversed the order of the district court of April 10, 1899, denying defendants' motion to vacate the order appoint-

ing the receiver. He was in possession of the property only from the 8th to the 13th, inclusive, of April, 1899. He was, prior to the 8th of April, making some effort to perform his duty, being stayed most of the time by the order of this court. After April 13, 1899, until his discharge as a result of our decision of June 8, 1900, *supra,* he did not and could not do anything, or have any responsibility resting upon him, not having any property in his hands. He should not be deprived of compensation because the defendants had done or offered to do equity upon April 5, 1899.

The district court erred, it is true, in not discharging him when the defendants remedied the evils complained of in the complaint of plaintiffs; but the appointment was valid, and he was retained in office, this court, wrongly or rightly, having said (*Forrester* v. *Boston & Montana etc. Min. Co.,* 56 Pac. 868, 22 Mont. 430) that "the receiver should be retained pending this appeal, unless the district court otherwise orders." He was lawfully in possession. Later the property, upon the execution of a bond, was surrendered April 13, 1899, by the order of our court, to the defendants. This court, when ordering the discharge of the receiver (*Forrester et al.* v. *Boston & Montana etc. Min. Co.,* 24 Mont. 153, 61 Pac. 309), said: "The order refusing to vacate the order of December 15, 1898, is reversed, and the cause is remanded, with directions to the district court to render and cause to be entered a judgment and decree in favor of the plaintiffs and against the defendants in conformity to the offer made, and thereupon forthwith to vacate or discharge the order appealed from, such vacation or discharge to take effect as of the date of such judgment so to be rendered and entered, but without prejudice to any right of the receiver to be reimbursed out of the trust estate for any amounts he may have properly expended or become liable to pay, and to be compensated for his services."

This court having declared and adjudged that the receiver had been lawfully appointed, and he having been lawfully in

office until discharged, in accordance with the order of this court of June, 1900, we must admit that on account of the law of this case as formerly settled we were in error in holding, as we did, that he should not be paid out of the property of the defendants, or by them, for any services rendered after April 5, 1899, the day when he should have been discharged on account of the defendants having complied with the demands of the plaintiffs.  He should be paid a reasonable sum for his services for the time when he was actively engaged in efforts to obey the directions of the district court, when not stayed by this court, and for his services when actually in possession of the property for the six days, and a nominal amount for the time when stayed, and a nominal sum for the time he was in office after the 13th day of April, 1899, when he turned the property all back to the owners.  The amount due him is chargeable, under the law of this case, to the defendants.  In determining how much is due to the receiver, the court will find out how much he did which it was his duty to do, and how well he did it.  Thus we briefly state or summarize what is said in *Hickey et al.* v. *Parrot Silver & Copper Co.*, 32 Mont. 143, 79 Pac. 698, as to what the court should consider in fixing compensation of the receiver.

All that is said in the opinion on the original hearing herein, and not modified hereby, is affirmed.  The motion is denied, and the cause is remanded, with directions to the district court to proceed in accordance with the views herein, and heretofore in the original opinion, expressed.

Motion denied and cause remanded.

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY: I dissent.  At the time the original decision in this case was rendered I was of the opinion, as expressed in my separate opinion then delivered, that the record contains sufficient evidence to enable this court to proceed and determine the only controversy involved here, under the provisions of section 21 of the Code of Civil Procedure, as amended

by an Act of the Second Extraordinary Session of the Eighth Legislative Assembly, approved December 10, 1903. I am still of that opinion, and therefore do not agree with the majority of the court in the disposition which should be made of this case.